**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| GENGHISCOMM HOLDINGS, LLC,<br>*Plaintiff,*<br>v.<br>APPLE INC.,<br>*Defendant.* | Civil Action No.: 1:26-cv-00477-ADA |

**DEFENDANT APPLE INC.'S PARTIAL MOTION TO DISMISS**
**PURSUANT TO FED. R. CIV. P. 12(b)(6) FOR FAILURE TO STATE A CLAIM**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ....................1
II. BACKGROUND ....................1
III. LEGAL STANDARD ....................3
IV. ARGUMENT ....................4
A. GenghisComm Fails to State a Claim That Apple Is Liable for Direct Infringement Due to Its End Users' Alleged Use of the Claimed Methods ....................4
B. Amendment of the Complaint Would Be Futile ....................9
V. CONCLUSION ....................11

# TABLE OF AUTHORITIES

Page(s)

Cases

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
797 F.3d 1020 (Fed. Cir. 2015)....................4, 5, 8

*ALD Soc. LLC v. Google LLC*,
No. 22-cv-972-FB, 2023 WL 3184631 (W.D. Tex. Mar. 17, 2023)....................10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................3, 4, 8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................4, 9

*Centillion Data Sys. v. Qwest Commc'ns Int'l, Inc.*,
631 F.3d 1279 (Fed. Cir. 2011)....................6

*CloudofChange, LLC v. NCR Corp.*,
123 F.4th 1333 (Fed. Cir. 2024) ....................5, 6, 7, 8, 10

*Contiguity, LLC v. Conduent Bus. Servs., LLC*,
No. W-23-CV-00038-XR, 2024 WL 252068 (W.D. Tex. Jan. 22, 2024) ....................10

*CTD Networks, LLC v. Google, LLC*,
688 F. Supp. 3d 490 (W.D. Tex. 2023)....................10

*De La Vega v. Microsoft Corp.*,
No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)....................5, 6, 8, 10

*Deep9 Corp. v. Barnes & Noble, Inc.*,
No. C11-0035JLR, 2012 WL 4336726 (W.D. Wash. Sept. 21, 2012),
*aff'd*, 504 F. App'x 923 (Fed. Cir. 2013)....................6

*Edionwe v. Bailey*,
860 F.3d 287 (5th Cir. 2017) ....................10

*Eli Lilly & Co. v. Teva Parenteral Medicines, Inc.*,
845 F.3d 1357 (Fed. Cir. 2017)....................8

*Ericsson, Inc. v. D-Link Sys., Inc.*,
773 F.3d 1201 (Fed. Cir. 2014)....................7

*Estech Sys., Inc. v. Howard Midstream Energy Partners*,
20-CV-777-ADA, 2022 WL 22903131 (W.D. Tex. Aug. 31, 2022)....................7

*Glob. Pat. Holdings, LLC v. Panthers BRHC LLC*,
586 F. Supp. 2d 1331 (S.D. Fla. 2008),
*aff'd*, 318 F. App'x 908 (Fed. Cir. 2009)....................................................................6

*Golden v. Google LLC*,
No. 24-2024, 2025 WL 1752485 (Fed. Cir. June 25, 2025)....................................................9

*Info. Images, LLC v. PGA TOUR, Inc.*,
686 F. Supp. 3d 549 (W.D. Tex. 2023)...........................................................................9

*Joy Techs., Inc. v. Flakt, Inc.*,
6 F.3d 770 (Fed. Cir. 1993) ............................................................................................7

*Lone Star Tech. Innovations, LLC v. ASUSTeK Computer Inc.*,
No. 6:19-CV-00059-RWS, 2020 WL 6803249 (E.D. Tex. Jan. 14, 2020)...........................8, 9

*Mullen Indus. LLC v. Meta Platforms, Inc.*,
No. 1:24-CV-354-DAE, 2025 WL 326402 (W.D. Tex. Jan. 29, 2025)..................................10

*Ormco Corp. v. Align Tech., Inc.*,
463 F.3d 1299 (Fed. Cir. 2006)........................................................................................7

*Packet Intelligence LLC v. NetScout Sys.*,
965 F.3d 1299 (Fed. Cir. 2020)........................................................................................7

*Pierce v. Hearne Indep. Sch. Dist.*,
600 F. App'x 194 (5th Cir. 2015) ...................................................................................10

*Ricoh Co. v. Quanta Computer Inc.*,
550 F.3d 1325 (Fed. Cir. 2008)........................................................................................7

*Thompson v. City of Waco, Texas*,
764 F.3d 500 (5th Cir. 2014) ..........................................................................................3

*Travel Sentry, Inc. v. Tropp*,
877 F.3d 1370 (Fed. Cir. 2017)....................................................................................4, 8

<u>Other Authorities</u>

Fed. R. Civ. P. 12(b)(6).............................................................................................1, 4, 10

## I. INTRODUCTION

Plaintiff GenghisComm Holdings, LLC's ("GenghisComm") Complaint does not—and cannot—state a claim that Defendant Apple Inc. ("Apple") is either jointly or vicariously liable for a user's alleged practice of the Asserted Method Claims. While it is not clear which form of liability GenghisComm meant to allege, both types require GenghisComm to plead plausible facts that Apple directs or controls its end users. GenghisComm cannot do so. Specifically, the Complaint alleges that certain Apple iPhone, iPad, and Watch devices ("Accused Products") support 4G/LTE and 5G network connectivity such that end users practice the Asserted Method Claims when the Accused Products are connected to those networks. Dkt. No. 1 ("Compl.") ¶¶ 51–53, 58–96. GenghisComm then claims that Apple is liable for direct infringement of the Asserted Method Claims through that end user's "use" of 4G/LTE and 5G networks. *Id.* ¶¶ 62–76.

As courts have repeatedly held, selling or maintaining devices that may allegedly practice method claims does not subject the seller to liability for direct infringement of those claims. As such, GenghisComm's conclusory allegations—such as direction or control of end users through Apple's sale of, or software updates to, the Accused Products—are legally insufficient even if taken as true. The joint infringement and vicarious liability allegations in the Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## II. BACKGROUND

GenghisComm's Complaint alleges infringement of U.S. Patent Nos. 9,768,842 ("'842 Patent"); 10,200,227 ("'227 Patent"); 10,389,568 ("'568 Patent"); 11,223,508 ("'508 Patent"); 11,252,005 ("'005 Patent"); 11,381,285 ("'285 Patent"); and 11,804,882 ("'882 Patent") (collectively, "Asserted Patents"). GenghisComm asserts the following claims and alleges that they cover aspects of the 4G/LTE and/or 5G telecommunications standards:

| Patent | Asserted Claims | Alleged Standard Covered | Complaint Claim Chart |
|---|---|---|---|
| ’842 Patent | Claims 1–3, 7 (Apparatus Claims)<br><br>Claims 11, 13 (Method Claims) | 4G/LTE | Exs. E–F (Dkt. Nos. 2-5, 2-6) |
| ’227 Patent | Claims 11, 18 (Method Claims) | 4G/LTE | Ex. G (Dkt. No. 2-7) |
| ’568 Patent | Claims 1–2, 6, 9, 11 (Method Claims) | 4G/LTE | Ex. H (Dkt. No. 2-8) |
| ’005 Patent | Claims 1, 7, 10 (Method Claims) | 4G/LTE | Ex. L (Dkt. No. 2-12) |
| ’285 Patent | Claims 1–2, 7, 9–10 (Method Claims) | 5G | Ex. J (Dkt. No. 2-10) |
| ’508 Patent | Claims 1–2 (Method Claims) | 5G | Ex. K (Dkt. No. 2-11) |
| ’882 Patent | Claims 1, 5, 8–9 (Method Claims) | 4G/LTE and 5G | Ex. I (Dkt. No. 2-9) |

Dkt. Nos. 1–2.

GenghisComm alleges that Apple has directly infringed, induced infringement of, and contributorily infringed the Asserted Patents. Compl., ¶¶ 58–96. With respect to its allegations of direct infringement of the Asserted Method Claims, the methods are allegedly practiced when the 4G/LTE and 5G devices are “within range of” and “connect to” a 4G/LTE and 5G network, respectively. *Id.*, ¶¶ 62–69. With respect to the ’005, ’285, and ’508 Patents, GenghisComm further pleads that the “network operator,” such as AT&T, must select whether the accused DFT-S-OFDM functionality is employed. Dkt. Nos. 2-9 at 3; 2-10 at 3; 2-11 at 3.

GenghisComm alleges that Apple directly infringes the Asserted Method Claims when (1) Apple (including its officers, directors, employees, and agents) use Apple’s 4G/LTE devices and Apple’s 5G devices (Compl., ¶¶ 59–61) and (2) when “end users” use Apple’s 4G/LTE devices and 5G devices to “practice the method claims” (*id.*, ¶ 62). With respect to the end users, GenghisComm alleges without support that Apple directly infringes because it “direct[s]” and “control[s]” the users and the devices:

> 62. In addition, ***Apple directed end users*** to practice the method claims.
>
> 63. ***Apple controlled*** whether its 4G/LTE and 5G products use the 4G/LTE and 5G standards and practiced the method claims....
>
> 65. When a user used an Apple 4G/LTE or 5G product, the user and the Apple products acted under ***Apple's direction and control*** with respect to whether the claimed methods are practiced.
>
> 66. For example, Apple phones with 4G/LTE capability connected to 4G/LTE networks ***automatically if they were within range of the network***.
>
> 67. For example, Apple phones with 5G capability connected to 5G networks ***automatically if they were within range of the network***.
>
> 68. Apple's 5G Devices are designed to connect to 5G networks ***automatically***....
>
> 72. ***Apple has the ability to control*** the infringing activity and retains control over its phones and other devices even after sale through preset settings and unchangeable functions and also by Apple sending software and security updates over the air to its phones....
>
> 74. ***Apple designed the accused products to perform the method steps automatically whenever Apple's products are used***.
>
> 75. End users, and the Apple products, are under ***Apple's direction and control*** with respect to the infringing steps....

Compl., ¶¶ 62–63, 65–68, 72, 74–75.[1] The Complaint then pleads in the "alternative" that "the end user of the Apple devices is the direct infringer of the method claims . . . ." *Id.*, ¶ 76.

## III. LEGAL STANDARD

To survive dismissal at the pleading stage, a complaint must state "enough facts [such that] a claim to relief [] is plausible on its face." *Thompson v. City of Waco, Texas*, 764 F.3d 500, 503 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To satisfy the plausibility standard, a plaintiff must plead facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"—"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*

[1] All emphasis added throughout unless otherwise noted.

*v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id.* The Court accepts well-pleaded facts as true and views all facts in the light most favorable to the plaintiff, but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* The complaint must also provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

## IV. ARGUMENT

GenghisComm alleges that Apple directly infringes the Asserted Method Claims when end users of an Apple 4G/LTE or 5G device use that device to communicate with a 4G/LTE or 5G network, respectively, and thus practice the claimed methods. But direct infringement through joint infringement or vicarious liability requires that GenghisComm plausibly plead that Apple "direct[s]" or "control[s]" end users to directly infringe the Asserted Method Claims. GenghisComm has not—and cannot—allege that Apple exerts the requisite level of direction or control over its customers through mere product sales and software updates to those products. As a matter of law, these direct infringement claims against Apple based on joint or vicarious liability should be dismissed under Rule 12(b)(6).

### A. GenghisComm Fails to State a Claim That Apple Is Liable for Direct Infringement Due to Its End Users' Alleged Use of the Claimed Methods

"[T]o determine direct infringement," the Court must "consider whether all method steps can be attributed to a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1023 (Fed. Cir. 2015) ("*Akamai V*"). A defendant is "responsible for others' performance of method steps [under § 271(a)] in two sets of circumstances: (1) where that entity directs or controls others' performance, and (2) where the actors form a joint enterprise." *Travel Sentry, Inc. v. Tropp*, 877 F.3d 1370, 1378 (Fed. Cir. 2017) (quoting *Akamai V*, 797 F.3d at 1022). Thus, a

plaintiff must plead "facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction and control' over the other's performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *4 (W.D. Tex. Feb. 11, 2020) (citing *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2017)) (dismissing joint infringement claims with prejudice for failure to state a claim); *see also Akamai V*, 797 F.3d at 1022–23.[2]

GenghisComm's direct infringement allegations for the Asserted Method Claims regarding third-party use of the Accused Products focus on the first option—direction or control. GenghisComm makes bare-bones allegations that: (1) "***Apple directed end users*** to practice the method claims"; (2) "***Apple controlled*** whether its 4G/LTE and 5G products use the 4G/LTE and 5G standards and practiced the method claims"; (3) "When a user used an Apple 4G/LTE or 5G product, the user and the Apple products acted under ***Apple's direction and control*** with respect to whether the claimed methods are practiced"; (4) "***Apple*** . . . ***retains control over its phones and other devices*** even after sale through preset settings and unchangeable functions and also ***by Apple sending software and security updates*** over the air to its phones"; and (5) "End users, and the Apple products, are under ***Apple's direction and control*** with respect to the infringing steps." Compl., ¶¶ 62–63, 65, 72, 75.

But "[d]espite apparently relying on the acts" of end users "as allegedly performing the steps of the claimed method . . . the Complaint alleges no facts to support" GenghisComm's

[2] The Federal Circuit in *Akamai V* found that "both vicarious liability and joint patent infringement discern when the activities of one entity are attributable to another," and "derive[d] [the] direction or control standard" for joint infringement "from vicarious liability law." 797 F.3d at 1022 n.2. The court has since applied "the vicarious liability principles from *Akamai*" to other cases. *See, e.g.*, *CloudofChange, LLC v. NCR Corp.*, 123 F.4th 1333, 1342 (Fed. Cir. 2024).

conclusory allegations that end users are subject to direction or control by Apple. *See De La Vega*, 2020 WL 3528411, at *4. In fact, GenghisComm's claim charts focus on the Accused Products themselves and do not identify a single act of "direction" or "control" attributable to Apple. *See* Dkt. Nos. 2-5 to 2-12 (Compl. Exs. E–L).

GenghisComm's only purported fact regarding direction or control relates to Apple "sending software and security updates" to the Accused Products. But this, as courts have found, does not amount to direction or control over end users. *See, e.g.*, *Centillion Data Sys. v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279, 1287 (Fed. Cir. 2011) (finding Qwest not vicariously liable for the actions of its customers because, "[w]hile Qwest provides software and technical assistance, it is entirely the decision of the customer whether to install and operate this software on its personal computer data processing means").[3] And as the Complaint acknowledges, users—not Apple—decide when and where to use their devices in a manner that GenghisComm alleges practices the Asserted Method Claims (e.g., whether the 4G/LTE Device is "within range" of a 4G/LTE network or the 5G Device is "within range" of a 5G network). Compl., ¶¶ 66–67. Moreover, with respect to the '005, '285, and '508 Patents, according to GenghisComm's allegations, a "network

[3] *See also CloudofChange*, 123 F.4th at 1341 (holding that the defendant "does not direct or control its merchants to subscribe to the [system], download the [] app on their [devices], or put the [system] into use by initiating action at the [device] to cause the [] software to modify its [device]" because the defendant's customers "take these actions of their own accord"); *Deep9 Corp. v. Barnes & Noble, Inc.*, No. C11-0035JLR, 2012 WL 4336726, at *13 (W.D. Wash. Sept. 21, 2012), *aff'd*, 504 F. App'x 923 (Fed. Cir. 2013) (holding that "the fact that [defendant] provides and retains ownership of the software resident on the user's [] device is insufficient, as a matter of law, to demonstrate direction or control over the user" because it is "a user's choice to connect his or her [] device to the Internet" and "infringement . . . cannot occur without such user connection" (citing *Centillion*, 631 F.3d at 1286)); *Glob. Pat. Holdings, LLC v. Panthers BRHC LLC*, 586 F. Supp. 2d 1331, 1335 (S.D. Fla. 2008), *aff'd*, 318 F. App'x 908 (Fed. Cir. 2009) (regarding "control" under the "direction or control" standard: "Using Plaintiff's analogy, Defendant may give home users the keys to the truck, but home users have no obligation to use those keys to start the truck and drive away.").

operator," such as AT&T, must select whether the accused "DFT-S-OFDM" functionality is employed—further demonstrating that Apple does not direct or control the practice of each claimed step. Dkt. Nos. 2-9 at 3; 2-10 at 3; 2-11 at 3.

As the Federal Circuit has repeatedly held, even if a defendant designs a product to practice a claimed method or sells a product that can perform a claimed method, these acts are insufficient to prove direct infringement of the claimed method based on actions of the end user. *See Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774–75 (Fed. Cir. 1993) ("[A] method claim is not directly infringed by the sale of an apparatus even though it is capable of performing only the patented method.").[4] The Federal Circuit has been explicit: "***none of our decisions have found direct infringement of a method claim by sales of an end user product which performs the entire method***." *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1222 (Fed. Cir. 2014).

For example, in *CloudofChange*, the Federal Circuit recognized the accused infringer, NCR, "does not direct or control its merchants to subscribe to the NCR Silver system, download the NCR Silver app on their POS terminals, or put the NCR Silver system into use by initiating action at the POS terminals to cause the NCR Silver software to modify its POS terminals." 123 F.4th at 1341. Consequently, NCR's merchants "take these actions of their own accord" and as a matter of law "NCR does not direct or control its merchants' use of the claimed system, nor do its merchants act as NCR's agents." *Id.*

[4] *See also Packet Intelligence LLC v. NetScout Sys.*, 965 F.3d 1299, 1314 (Fed. Cir. 2020) (same); *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006) ("Method claims are only infringed when the claimed process is performed" regardless of whether the product "is capable of infringing use."); *Ricoh Co. v. Quanta Computer Inc.*, 550 F.3d 1325, 1335 (Fed. Cir. 2008) ("[A] party that sells or offers to sell software containing instructions to perform a patented method does not infringe the patent under § 271(a)"); *Estech Sys., Inc. v. Howard Midstream Energy Partners*, 20-CV-777-ADA, 2022 WL 22903131, at *6 (W.D. Tex. Aug. 31, 2022) ("Mere capability to perform a step is insufficient." (citing *ePlus, Inc. v. Lawson Software, Inc.*, 700 F.3d 509, 512 (Fed. Cir. 2012))).

Apple likewise does not, for example, direct or control its customers or the Accused Products to turn on the device to connect to, or place the device within range of, a 4G/LTE or 5G network. Nor does Apple direct or control the updating of a user's device. Rather, Apple's end users "take these actions of their own accord" and thus GenghisComm cannot state a claim that Apple could somehow directly infringe due to joint infringement or be vicariously liable for the end user's alleged use. *See id.*

Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also De La Vega*, 2020 WL 3528411, at *4 & n.4 (dismissing allegations containing only "boilerplate sentence[s] of potential infringing actions"). To sufficiently plead direction or control, the plaintiff may allege that the defendant "(1) 'conditions participation in an activity or receipt of a benefit' upon others' performance of one or more steps of a patented method, and (2) 'establishes the manner or timing of that performance.'" *Eli Lilly & Co. v. Teva Parenteral Medicines, Inc.*, 845 F.3d 1357, 1365 (Fed. Cir. 2017) (quoting *Akamai V*, 797 F.3d at 1023).

GenghisComm does not even attempt to make plausible allegations regarding how direction or control exists. *See, e.g.*, *Travel Sentry*, 877 F.3d at 1380 ("*Akamai V* and *Eli Lilly* highlight the importance of correctly identifying the relevant 'activity' or 'benefit' that is being conditioned upon the performance of one or more claim steps."). GenghisComm "has provided no factual support to show [Apple] imposes any 'conditions,'" and does not even show that Apple's "customers receive a benefit when using the [Accused Products] in an infringing manner" by "conditioning that benefit on infringement." *Lone Star Tech. Innovations, LLC v. ASUSTeK Computer Inc.*, No. 6:19-CV-00059-RWS, 2020 WL 6803249, at *6–7 (E.D. Tex. Jan. 14, 2020) (dismissing direct infringement allegations based on direction and control and conditioning benefit

allegations due to customers' alleged practice of method claims). Just as in *Lone Star*, GenghisComm "does not provide any factual support: no example contracts, no example agreements and no terms suggesting control." *Id.* Simply "instruct[ing] customers to use the [Accused Products] in an [allegedly] infringing way, combined with some benefit achieved through infringement" is not enough. *Id.*[5]

Ultimately, the Complaint fails to state a plausible claim that Apple directly infringes the Asserted Method Claims due to its end users' alleged infringement. The Complaint is devoid of "any factual allegations regarding the degree of control" that Apple maintains over the end user because this control simply does not exist. *See Golden v. Google LLC*, No. 24-2024, 2025 WL 1752485, at *3 (Fed. Cir. June 25, 2025) (affirming dismissal of complaint for failure to state a claim). GenghisComm's "formulaic recitation of the elements" is insufficient. *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* GenghisComm's factual allegations cannot meet that standard and the Complaint's allegations of joint infringement and vicarious liability should be dismissed.

### B. Amendment of the Complaint Would Be Futile

Any amendment to GenghisComm's Complaint would be futile. Apple does not, and cannot, direct or control how or whether a user uses the Accused Products to connect to a 4G/LTE or 5G network. In short, there is no fact that GenghisComm could further allege to prove direction or control under a joint infringement or vicarious liability theory because none exists.

[5] *See also Info. Images, LLC v. PGA TOUR, Inc.*, 686 F. Supp. 3d 549, 563 (W.D. Tex. 2023) (finding that the plaintiff failed to show that the defendant "establishes the manner or timing of [the user's] performance" because the plaintiff failed to allege facts showing that the defendant "requires or instructs users to perform [] actions required by the patent claims or tells them how or when to do so," and because the defendant's "users are free to [perform the allegedly infringing act] whenever they want").

Courts in this District have routinely dismissed patent claims with prejudice where an amendment to cure the Complaint's deficiencies would be "futile." *See, e.g.*, *ALD Soc. LLC v. Google LLC*, No. 22-cv-972-FB, 2023 WL 3184631, at *5–6 (W.D. Tex. Mar. 17, 2023) (dismissing with prejudice); *Contiguity, LLC v. Conduent Bus. Servs., LLC*, No. W-23-CV-00038-XR, 2024 WL 252068, at *4 (W.D. Tex. Jan. 22, 2024) (same); *De La Vega*, 2020 WL 3528411, at *5–6 (same); *CTD Networks, LLC v. Google, LLC*, 688 F. Supp. 3d 490, 504 (W.D. Tex. 2023) (same); *Mullen Indus. LLC v. Meta Platforms, Inc.*, No. 1:24-CV-354-DAE, 2025 WL 326402, at *6 (W.D. Tex. Jan. 29, 2025) (same).

"An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Mullen,* 2025 WL 326402, at *6 (citing *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)); *see also Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) (holding that leave to amend is not required where the movant fails to apprise the court of facts it would plead in an amended complaint to cure any deficiencies). The Court may also deny leave to amend "if the defects are incurable or the plaintiffs have already alleged their best case." *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 200 (5th Cir. 2015).

Any amendment here would be futile. Apple does not control how the user chooses to use the Accused Products. For example, Apple cannot control its user's location or the available cellular coverage of a 4G/LTE or 5G network. Apple also cannot compel its users to turn on the cellular capabilities on its device when in range of a 4G/LTE or 5G network. And no amount of pleading will change the law to hold a seller liable for direct infringement due to its end users' allegedly infringing use of a method that is wholly outside of the seller's direction or control. *See, e.g.*, *CloudofChange*, 123 F.4th at 1341 (finding that, as a matter of law, when an end-user takes "actions of their own accord," the alleged infringer "does not direct or control its [end-user's] use"

and the end-users do not "act as [the alleged infringer's] agents"). Dismissal of these allegations should be with prejudice.

## V. CONCLUSION

Apple respectfully requests that the Court grant this motion and dismiss with prejudice the Complaint's allegations of direct infringement against Apple based on joint infringement with its end users and vicarious liability for its end user's actions.

Dated: May 15, 2026

Respectfully submitted,

*/s/ Kevin J. Post*

Kevin J. Post
(NY Bar No. 4382214)
Alexander E. Middleton
(NY Bar No. 4797114)
Lance W. Shapiro
(NY Bar No. 5397955)
John J. Healy Jr.
(*pro hac vice pending*)
(NY Bar No. 6172662)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
30 Rockefeller Plaza
New York, NY 10112-0015
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
kpost@sheppard.com
amiddleton@sheppard.com
lshapiro@sheppard.com
jhealy@sheppard.com

Jennifer Klein Ayers
(TX Bar No. 24069322)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
2200 Ross Ave, 20th Floor
Dallas, TX 75201
Telephone: (469) 391-7400
Facsimile: (469) 391-7401
jayers@sheppard.com

Steven J. Wingard
Texas Bar No. 00788694
swingard@scottdoug.com
Stephen L. Burbank
Texas Bar No. 24109672
sburbank@scottdoug.com
Robert ("Robby") P. Earle
Texas Bar No. 24124566
rearle@scottdoug.com
**SCOTT DOUGLASS & MCCONNICO LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

James L. Davis, Jr.
(*pro hac vice pending*)
(CA Bar No. 304830)
Shong Yin
(CA Bar No. 319566)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
1540 El Camino Real, Suite 120
Menlo Park, CA 94025
Telephone: (650) 815-2600
Facsimile: (650) 815-2601
jdavis@sheppard.com
syin@sheppard.com

James Young Hurt
(CA Bar No. 312390)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
12275 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 720-8900
Facsimile: (858) 509-3691
jhurt@sheppard.com

*Attorneys for Defendant Apple Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 15, 2026, a copy of the foregoing document and any attachments thereto was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send notification of filing electronically to all counsel of record.

*/s/ Steve Wingard*
Steve Wingard