**FILED**
August 07, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Christian Rodriguez
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **GENGHISCOMM HOLDINGS, LLC,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL NO. 1:26-CV-00477-ADA** |
| **APPLE INC.,** | § | |
| **Defendant.** | § | |

**ORDER DENYING DEFENDANT APPLE INC.'S**
**PARTIAL MOTION TO DISMISS**

Before the Court is Defendant Apple Inc.'s Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim (the "Motion"). Dkt. No. 19. The Court has reviewed the Motion, Plaintiff GenghisComm Holdings, LLC's Response (Dkt. No. 23), Defendant's Reply (Dkt. No. 24), and Plaintiff's Sur-reply (Dkt. No. 28). Having considered the arguments in briefing, the applicable law, and record of the case, the Court finds the Motion should be denied.

## I. BACKGROUND

Plaintiff GenghisComm's Complaint alleges infringement of U.S. Patent Nos. 9,768,842 ("'842 Patent"); 10,200,227 ("'227 Patent"); 10,389,568 ("'568 Patent"); 11,223,508 ("'508 Patent"); 11,252,005 ("'005 Patent"); 11,381,285 ("'285 Patent"); and 11,804,882 ("'882 Patent") (collectively, "Asserted Patents").

GenghisComm alleges that Apple has directly infringed, induced infringement of, and contributorily infringed the Asserted Patents. Dkt. No. 1, Compl., ¶¶ 58–96. With respect to its allegations of direct infringement of the Asserted Method Claims, GenghisComm alleges the

methods are practiced when the 4G/LTE and 5G devices are "within range of" and "connect to" a 4G/LTE and 5G network because the phones connect automatically and by default without any user action. *Id.* ¶¶ 62–69. GenghisComm alleges that Apple directly infringes the Asserted Method Claims when (1) Apple (including its officers, directors, employees, and agents) use Apple's 4G/LTE devices and Apple's 5G devices (*Id.* ¶¶ 59–61) and (2) when "end users" use Apple's 4G/LTE devices and 5G devices to "practice the method claims" at Apple's direction (*Id.* ¶ 62).

Apple moves to dismiss GenghisComm's joint infringement and vicarious liability theories of direct infringement. Dkt. No. 19.

## II. LEGAL STANDARDS

In determining a Rule 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). "A motion to dismiss under Rule 12(b)(6) 'is viewed with disfavor and is rarely granted.' " *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). "The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Id.* "This plausibility standard is met when 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). On infringement, in particular, a complaint must allege sufficient facts to "place the alleged infringer on notice of what activity is being accused of infringement." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021).

## III. DISCUSSION

### A. Direct Infringement

To state a claim for direct infringement, a plaintiff must explicitly plead facts to plausibly support the assertion that a defendant "without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent." *Ruby Sands LLC v. Am. Nat'l Bank of Texas*, No. 2:15-CV-1955-JRG, 2016 WL 3542430 at *2 (E.D. Tex. June 28, 2016) (citing 35 U.S.C. § 271(a); Fed. R. Civ. P. 8(a); *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 217 (5th Cir. 2012)). Where more than one actor is involved in practicing the steps, a court must determine whether the acts of one are attributable to the other such that a single entity is responsible for the infringement. *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015). An entity will be held responsible for others' performance of method steps in two sets of circumstances: (1) where that entity directs or controls others' performance, and (2) where the actors form a joint enterprise. *See id.*

With respect to direct infringement, GenghisComm argues that its pleading is not limited to vicarious liability, because its Complaint pled:

> a. Apple itself infringes the method claims through its own use of its phones (e.g. through testing, development, demonstrations, showcases, customer support, and training) Compl. ¶¶ 58-61.
>
> b. Apple directs and controls its end users' use of the method claims. *Id.* ¶¶ 62-88.

Dkt. No. 23 at 2. GenghisComm argues that Apple's Motion omits portions of the Complaint where GenghisComm plead that Apple's products ***automatically*** perform the claimed methods without user intervention. *See id.* at 3 (emphasis added). GenghisComm argues that its Complaint

adequately pleads that Apple directly infringes the asserted method claims through its own direct conduct and through its direction and control of end users and Apple's devices. *See id.*

The Court agrees with GenghisComm that the Complaint adequately pleads direct infringement of the method claims for the purposes of surviving Apple's Motion. GenghisComm alleges that Apple products act under Apple's direction and control when used by a user—because Apple phones with 4G/LTE or 5G capability connect to 4G/LTE or 5G networks automatically if within range of the networks, respectively. *See* Compl. at ¶¶ 65-68. Factual support for this is included in the Complaint: that Apple's default settings, unchangeable functions, and security updates sent to phones carry out this direction and control. *See id.* ¶¶ 69, 72-74. At the motion to dismiss stage, the Court finds that GenghisComm has satisfied its pleading burden to allege direct infringement.

Apple's Motion seeks to dismiss GenghisComm's "joint infringement and vicarious liability theories of direct infringement," but largely targets GenghisComm's direct infringement claim. Dkt. No. 19 at 1. In particular, Apple takes issue with GenghisComm's allegations that "to the extent that Apple argues it is not the direct infringer, and that its phones do not directly infringe, Apple's customers (the end users) practiced the method claims for the reasons set forth in the infringement claim charts." *See* Dkt. No. 1, ¶¶ 143, 154, 166, 179, 190, 200. The Court will decline to strike the allegations in support of GenghisComm's direct infringement claim. As previously stated, the Court finds that GenghisComm has satisfied its burden at the motion to dismiss stage to show that Apple exercises the requisite direction and control over its customers such that direct infringement has been adequately pled.

## IV. CONCLUSION

For the reasons stated above, the Court finds Defendant Apple's Partial Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 19) is **DENIED.**

**SIGNED** on August 7, 2026.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE