**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| GENGHISCOMM HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Civil Action No.: 1:26-cv-00477-ADA |

**DEFENDANT APPLE INC.'S ANSWER AND DEFENSES**
**TO PLAINTIFF GENGHISCOMM'S COMPLAINT**

Defendant Apple Inc. ("Apple") answers Plaintiff GenghisComm Holdings, LLC's ("Plaintiff" or "GenghisComm") Complaint for Patent Infringement (Dkt. No. 1, "Complaint") as follows. Except as otherwise admitted in this Answer, Apple denies each and every allegation in the Complaint. Any express admission below is admitted only as to the particularly identified fact(s) and not as to any purported conclusions, characterizations, implications, or speculations that may arguably follow from said admitted fact(s). Apple's reproduction of the headings and paragraphs set forth in the Complaint below is solely for the purpose of convenience and is not, and should not be construed as, an admission by Apple that any allegation or other statement in the headings or paragraphs of the Complaint, whether explicit or implied, is true, correct, or admitted by Apple. Apple further denies that Plaintiff is entitled to the relief requested or any other relief.

## THE PLAINTIFF GENGHISCOMM

**Complaint ¶ 1:** Plaintiff GenghisComm Holdings, LLC ("GenghisComm") is a Colorado limited liability company with an address at 942 Broadway Street, Suite 314c, Boulder, Colorado 80302.

**Answer to Complaint ¶ 1:** Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and on that basis, denies them.

**Complaint ¶ 2:** GenghisComm is the owner of record and assignee of each of the Patents-in-Suit.

**Answer to Complaint ¶ 2:** Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and on that basis, denies them.

**Complaint ¶ 3:** GenghisComm has the exclusive right to sue and the exclusive right to recover damages for infringement of the Patents-in-Suit during all relevant time periods.

**Answer to Complaint ¶ 3:** Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint regarding GenghisComm's standing and exclusive rights, and on that basis, denies them. To the extent the allegations set forth legal conclusions, no response is required.

**Complaint ¶ 4:** Steve Shattil, Director of GenghisComm, is the named inventor on the patents and holds advanced degrees in physics and electrical engineering.

**Answer to Complaint ¶ 4:** Apple admits that Steve Shattil is named as an inventor on the face of the Patents-in-Suit, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Complaint, and on that basis, denies them.

**Complaint ¶ 5:** Mr. Shattil invented technologies which are essential parts of cellular and wireless standards.

**Answer to Complaint ¶ 5:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and on that basis, denies them.

**Complaint ¶ 6:** Neither Mr. Shattil nor GenghisComm had any involvement in setting the 4G/LTE or 5G standards.

**Answer to Complaint ¶ 6:** Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and on that basis, denies them.

**Complaint ¶ 7:** Nonetheless, the 4G/LTE and 5G standards setting bodies, (e.g., 3GPP and ETSI, etc.) included the technology that GenghisComm disclosed and claimed in these standards.

**Answer to Complaint ¶ 7:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and on that basis, denies them.

**Complaint ¶ 8:** Standard setting bodies adopted the technology that GenghisComm taught and disclosed into the 4G/LTE and 5G Standards.

**Answer to Complaint ¶ 8:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple lacks knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and on that basis, denies them.

**Complaint ¶ 9:** GenghisComm and Steve Shattil have no FRAND obligations.

**Answer to Complaint ¶ 9:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and on that basis, denies them.

**Complaint ¶ 10:** Any FRAND valuation framework does not apply to GenghisComm's patents because GenghisComm has no FRAND obligations.

**Answer to Complaint ¶ 10:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and on that basis, denies them.

**Complaint ¶ 11:** Others have made extensive efforts to challenge the validity of the GenghisComm patents, none of which have succeeded.

**Answer to Complaint ¶ 11:** Apple admits that at least three requests for *ex parte* review of the Patents-in-Suit are pending before the United States Patent and Trademark Office. Apple lacks knowledge or information sufficient to form a belief as to the truth of all the allegations in Paragraph 11 of the Complaint, and on that basis, denies them.

**Complaint ¶ 12:** Unified Patents filed an *ex parte* reexamination of 10,200,227 (Reexam no. 90/019,411).

**Answer to Complaint ¶ 12:** Apple admits that publicly available documents appear to show that Unified Patents filed a request for *ex parte* reexamination of 10,200,227 (Reexam No. 90/019,411).

**Complaint ¶ 13:** In October of 2025, the PTAB issued an Order reversing the Examiner's reexamination. Exhibit C.

**Answer to Complaint ¶ 13:** Apple admits that Exhibit C purports to be a decision, dated October 2025, that reversed a final rejection of certain claims. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 13 and on that basis denies them.

**Complaint ¶ 14:** On February 26, 2026, the USPTO issued a Reexamination Certificate. Exhibit D.

**Answer to Complaint ¶ 14:** Apple admits that Exhibit D purports to be a Reexamination Certificate issued by the USPTO dated February 26, 2026. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 14 and on that basis denies them.

**Complaint ¶ 15:** Samsung filed 9 IPRs on GenghisComm patents: IPR2025-00780, IPR2025-00781, IPR2025-00788, IPR2025-00789, IPR2025-00790, IPR2025-00791, IPR2025-00792, IPR2025-00793, and IPR2025-00899.

**Answer to Complaint ¶ 15:** Apple admits that publicly available documents appear to show that the above-listed IPR control numbers were filed according to public records made available by the United States Patent and Trademark Office. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 of the Complaint, and on that basis, denies them.

**Complaint ¶ 16:** The PTAB denied all of Samsung's IPRs.

**Answer to Complaint ¶ 16:** Apple admits that publicly available documents appear to show that the above-listed IPR control numbers were discretionarily denied according to public records made available by the United States Patent and Trademark Office. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 of the Complaint, and on that basis, denies them. Apple further denies any implication that the denial of Samsung's IPRs relates to the merits of the patent's validity.

**Complaint ¶ 17:** Samsung filed five requests for *ex parte* reexamination of other GenghisComm patents.

**Answer to Complaint ¶ 17:** Apple admits that publicly available documents appear to show that Samsung filed at least five requests for *ex parte* reexamination of GenghisComm patents.

**Complaint ¶ 18:** For example, Samsung's *ex parte* reexamination request as to 11,424,792 (Reexam 90/019,848) resulted in a January 26, 2026 Reexamination Certificate. Exhibit A.

**Answer to Complaint ¶ 18:** Apple admits that Exhibit A purports to be a Reexamination Certificate issued by the USPTO dated January 26, 2026. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 18 and on that basis denies them.

**Complaint ¶ 19:** Samsung's requested ex parte re-examinations are pending for three of the Patents-in-suit:

| Patent | Reexamination |
|---|---|
| 9,768,842 | 90/015,639 |
| 11,252,005 | 90/019,847 |
| 11,381,285 | 90/015,417 |

**Answer to Complaint ¶ 19:** Apple admits that the above-listed *ex parte* reexaminations are identified in public records made available by the United States Patent and Trademark Office. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Complaint, and on that basis, denies them.

**Complaint ¶ 20:** Even from the patents in ongoing reexaminations, many of the claims in this case are not the claims for which the USPTO ordered reexaminations.

**Answer to Complaint ¶ 20:** Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and on that basis, denies them. To the extent the allegations set forth legal conclusions, no response is required.

**Complaint ¶ 21:** The Court in the Eastern District of Texas issued a Claim Construction Order on December 1, 2025. Exhibit B.

**Answer to Complaint ¶ 21:** Apple admits that Exhibit B purports to be a Claim Construction Order from the Eastern District of Texas dated December 1, 2025. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 21 and on that basis denies them. Apple states that the referenced Claim Construction Order, if authentic, speaks for itself, and Apple denies any characterization of that Order inconsistent with its plain text or legal effect.

**Complaint ¶ 22:** Among other rulings, the claim construction Order rejected arguments that claims were indefinite.

**Answer to Complaint ¶ 22:** To the extent "the claim construction Order" refers to Exhibit B, Apple states that the referenced Claim Construction Order, if authentic, speaks for itself, and Apple denies any characterization of that Order inconsistent with its plain text or legal effect.

Apple lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 22, and on that basis, denies them.

## DEFENDANT APPLE

**Complaint ¶ 23:** Defendant Apple Inc. ("Apple") maintains regular and established offices in this District, including at:

(a) 6900 W. Parmer Lane, Austin, Texas (Capstone)

(b) 12545 Riata Vista Circle, Austin, Texas (Apple Americas Operations Center consisting of several buildings)[1] and

(c) 320 S. Capital of Texas Highway, Austin, Texas (Apple Lonestar Design Center).

**Answer to Complaint ¶ 23:** Apple admits that it maintains offices in Austin, Texas, including at the addresses listed in Paragraph 23 of the Complaint.

**Complaint ¶ 24:** Apple also operates a specialized 244,000-square-foot production facility in northwest Austin where the Mac Pro is assembled.

**Answer to Complaint ¶ 24:** Apple admits that it made various public statements regarding its facilities in Austin, Texas. Apple states that the contents of its public statements speak for themselves at the time they were made. Apple denies any allegation regarding or characterizations of those public statements that is inconsistent with their plain text.

**Complaint ¶ 25:** In 2018, Apple announced a $1B expansion in Austin.[2]

**Answer to Complaint ¶ 25:** Apple admits that it made various public statements regarding its planned expansion in Austin, Texas. Apple states that the contents of its public

---

[1] Apple "Apple expands in Austin" (Nov. 20, 2019), available at https://www.apple.com/newsroom/2019/11/apple-expands-in-austin/.

[2] https://www.apple.com/newsroom/2018/12/apple-to-build-new-campus-in-austin-and-add-jobs-across-the-us/.

statements speak for themselves at the time they were made. Apple denies any allegation regarding or characterization of those public statements that is inconsistent with their plain text.

**Complaint ¶ 26:** In 2019, Apple expanded its presence in Austin, Texas with its new $1 billion, 3-million-square-foot campus. The campus was planned to initially house 5,000 employees, with the capacity to grow to 15,000, opening in 2022. At that time, Apple had approximately 7,000 employees in Austin.[3]

**Answer to Complaint ¶ 26:** Apple admits that it made various public statements regarding its facilities in Austin, Texas. Apple states that the contents of its public statements speak for themselves at the time they were made. Apple denies any allegation regarding or characterizations of those public statements that is inconsistent with their plain text. Apple denies the allegations in Paragraph 26 to the extent it relies on unverified characterizations from the cited third-party source.

**Complaint ¶ 27:** As of 2018, Apple employed at least 6,200 people in Austin.

**Answer to Complaint ¶ 27:** Apple admits that it made various public statements regarding its employment in Austin, Texas. Apple states that the contents of its public statements speak for themselves at the time they were made. Apple denies any allegation regarding or characterizations of those public statements that is inconsistent with their plain text.

**Complaint ¶ 28:** Its second office there adds 5,000 more employees, with the potential to add another 10,000 on top of that, which would make the company Austin's largest employer.[4]

---

[3] https://arstechnica.com/gadgets/2018/12/apple-will-spend-1-billion-and-hire-up-to-15000-people-for-new-austin-office/.

[4] https://arstechnica.com/gadgets/2018/12/apple-will-spend-1-billion-and-hire-up-to-15000-people-for-new-austin-office/.

**Answer to Complaint ¶ 28:** Apple admits that it made various public statements regarding its facilities and employment in Austin, Texas. Apple states that the contents of its public statements speak for themselves at the time they were made. Apple denies any allegation regarding or characterizations of those public statements that is inconsistent with their plain text. Apple denies the allegations in Paragraph 28 to the extent it relies on unverified characterizations from the cited third-party source.

**Complaint ¶ 29:** In 2023, Apple began an expansion of its campus located at 6900 Parmer Lane.[5] Called 'Capstone Phase Two AC09 and Capstone Phase Two AC07', the projects are a four-story and a five-story building, respectively. The two buildings will add 419,441 square feet of office space. Each building was expected to cost $120 million.[6]

**Answer to Complaint ¶ 29:** Apple admits that it made various public statements regarding its facilities in Austin, Texas. Apple states that the contents of its public statements speak for themselves at the time they were made. Apple denies any allegation regarding or characterizations of those public statements that is inconsistent with their plain text. Apple denies the allegations in Paragraph 29 to the extent it relies on unverified characterizations from the cited third-party sources.

**Complaint ¶ 30:** Apple is one of the largest employers in Austin, Texas.[7]

**Answer to Complaint ¶ 30:** Apple admits that it made various public statements regarding its employment in Austin, Texas. Apple states that the contents of its public statements

---

5 https://appleinsider.com/articles/23/01/11/apple-spending-240m-to-expand-its-austin-texas-campus.

6 https://therealdeal.com/texas/austin/2023/01/09/apple-plans-another-expansion-of-austin-office-campus/.

7 https://www.austinchamber.com/economic-development/austin-profile/major-employers; https://austinrelocationguide.com/largest-employers-in-austin/.

speak for themselves at the time they were made. Apple denies any allegation regarding or characterizations of those public statements that is inconsistent with their plain text. Apple denies the allegations in Paragraph 30 to the extent it relies on unverified characterizations from the cited third-party source.

**Complaint ¶ 31:** Apple has relocated many jobs from California to Texas.[8]

**Answer to Complaint ¶ 31:** Denied. Apple denies the allegations in Paragraph 31, including to the extent it relies on unverified characterizations from the cited third-party source.

**Complaint ¶ 32:** Today, Apple owns or leases at least 1.7 million square feet of office space in Austin, spread across its Americas Operations Center, Parmer Riata, Parmer Business Park, and Capital Ridge.[9]

**Answer to Complaint ¶ 32:** Apple admits that it made various public statements regarding its facilities in Austin, Texas. Apple states that the contents of its public statements speak for themselves at the time they were made. Apple denies any allegation regarding or characterizations of those public statements that is inconsistent with their plain text. Apple denies the allegations in Paragraph 32 to the extent it relies on unverified characterizations from the cited third-party source.

**Complaint ¶ 33:** Apple employees in Austin must either store their relevant documents and files in Austin or have seamless access to them from Austin in order to do their jobs.

**Answer to Complaint ¶ 33:** Apple employees in Austin, Texas have requisite access to perform their duties. Apple denies the remaining allegations in Paragraph 33 as stated, including

---

[8] https://www.chron.com/culture/article/apple-california-texas-austin-18610773.php.
[9] https://aquilacommercial.com/learning-center/apple-austin-offices-headquarters-history-details predictions/.

to the extent the allegations are intended to support venue or document-access arguments, and including all characterizations.

**Complaint ¶ 34:** Apple's Austin engineering hub is one of their primary locations for Wireless System-on-Chip (SoC) and Cellular Architecture.

**Answer to Complaint ¶ 34:** Apple admits that it employs engineers in Austin, Texas, who work on a variety of engineering projects. Apple denies the remaining allegations in Paragraph 34, including any characterization of the Austin, Texas engineering hub's specific focus areas as they may relate to the accused products or the claims at issue in this action.

**Complaint ¶ 35:** Apple's Austin-based engineers have worked on the embedded software (Layer 1/RF firmware) that controls the 5G/4G radio hardware.

**Answer to Complaint ¶ 35:** Apple admits that it employs engineers in Austin, Texas. Apple lacks knowledge or information sufficient to form a belief as to the truth of the specific technical characterizations in Paragraph 35, and on that basis, denies them. Apple denies any implication that any work performed by Austin-based engineers constitutes infringement.

**Complaint ¶ 36:** Among other relevant Apple employees in Austin, Texas is Harsha Hanumanthaiah.[10]

**Answer to Complaint ¶ 36:** Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 regarding the specific named employee's relevance to GenghisComm's claims, and on that basis, denies them. Apple denies any implication that any activities by any named employee constitute infringement of any Patent-in-Suit.

**Complaint ¶ 37:** Discovery is expected to specifically identify other relevant individual Apple employees in Austin, Texas.

---

[10] https://www.linkedin.com/in/harshahanumanthaiah/.

**Answer to Complaint ¶ 37:** Paragraph 37 states no allegation of fact as to which Apple need respond, as it consists of Plaintiff's speculation about anticipated discovery. To the extent a response is required, Apple denies that discovery will identify any Apple employee whose activities in Austin, Texas constitute infringement of any Patent-in-Suit.

**Complaint ¶ 38:** Apple is currently hiring a SoC Design Verification Engineer in Austin Texas and Apple describes the job as[11]:

> Do you have a passion for invention and self-challenge? This position allows you to be a part of one of the most innovative and key projects that Apple's Silicon Engineering Group has embarked upon to date.
>
> As part of our team, you will have the opportunity to take the lead and contribute to verifying a set of sophisticated SOCs that are driving Apple's flagship Cellular 5G platform. As a member of this team you will integrate multiple sophisticated IP-level DV environments, craft highly reusable UVM TB, implement effective coverage-driven and advised test infrastructure, deploy new tools, develop and deploy AIML methodology, and implement ideas to improve the quality of tapeout readiness of all our chips.
>
> By collaborating with other product development groups across Apple, you can push the industry boundaries of what complex SOC chips can do and improve the product experience for our customers across the world! You will be able to learn all aspects of a large-scale SOC, different types of SOC architecture, many highspeed layered protocols, the industry's standard methodologies on low-power architecture, outstanding DV methodology, verification on accelerated platforms, knowledge of Cellular protocol, FW-HW interactions, complexities of multi-chip SOC debug architecture, etc.

**Answer to Complaint ¶ 38:** Apple states that the linked job posting no longer exists, and Apple cannot verify the accuracy of the above-quoted language. Based on Apple's investigation to date, Apple lacks knowledge or information sufficient to form a belief as to the cited job posting, and on that basis, denies any characterization of that posting. Apple denies any remaining

---

[11] https://jobs.apple.com/en-us/details/200625848-0157/soc-design-verification-engineer?board_id=17682.

allegations in Paragraph 38, including any allegation that any job posting demonstrates infringement.

**Complaint ¶ 39:** Previously, Apple was hiring PHY Systems Engineer(s) in Austin, Texas. Apple lists the "key qualifications" as: "Deep-knowledge of communication system theory and signal processing will be important for this role to design algorithms such as timing recovery, filter design, signal estimation and detection, automatic gain control, RF impairments estimation and correction, channel estimation, equalization, forward-error correction, OFDM, MIMO detection, etc." One job function is to "Collaborate with digital designers and firmware developers to realize algorithms with power and area efficient implementation."[12]

**Answer to Complaint ¶ 39:** Apple states that the linked job posting no longer exists, and Apple cannot verify the accuracy of the above-quoted language. Based on Apple's investigation to date, Apple lacks knowledge or information sufficient to form a belief as to the cited job posting, and on that basis, denies any characterization of that posting. Apple denies any remaining allegations in Paragraph 39, including any allegation that any job posting demonstrates infringement.

**Complaint ¶ 40:** Apple also owns and operates at five four retail stores in this District, including two Apple stores in Austin, Texas, two in San Antonio, Texas and one in El Paso, Texas.[13]

**Answer to Complaint ¶ 40:** Apple admits that it operates retail store(s) in this District.

**Complaint ¶ 41:** Apple makes, uses, imports, sells and offers for sale wireless mobile devices including smartphones, tablets, and watches) and related applications and services.

---

[12] https://jobs.apple.com/en-us/details/200452242/phy-systems-engineer
[13] https://www.apple.com/retail/storelist/.

**Answer to Complaint ¶ 41:** Apple admits that it makes, uses, sells, imports, and offers for sale certain mobile devices, including smartphones, tablets, and watches. Apple denies any remaining allegations in Paragraph 41, including any allegation that any such act or product infringes any claim of any Patent-in-Suit.

**Complaint ¶ 42:** Upon information and belief, Apple can be served through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

**Answer to Complaint ¶ 42:** Apple admits that CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, is its registered agent for service of process in Texas.

## JURISDICTION AND VENUE

**Complaint ¶ 43:** This Complaint states causes of action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., and, more particularly 35 U.S.C. § 271.

**Answer to Complaint ¶ 43:** To the extent the allegations in Paragraph 43 set forth legal conclusions, no response is required. To the extent a response is required, Apple admits that the Complaint purports to assert causes of action for patent infringement arising under 35 U.S.C. § 271. Apple denies any remaining allegations in Paragraph 43, including any allegation of infringement.

**Complaint ¶ 44:** This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a) in which the district courts have original and exclusive jurisdiction of any civil action for patent infringement.

**Answer to Complaint ¶ 44:** To the extent the allegations in Paragraph 44 set forth legal conclusions, no response is required. To the extent a response is required, Apple does not contest that this Court has original subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§

1331 and 1338(a) for purposes of this action only. Apple denies any remaining allegations in Paragraph 44, including any allegation of infringement.

**Complaint ¶ 45:** Apple is subject to this Court's general personal jurisdiction pursuant to due process due at least to its substantial business conducted in this District, including: (i) having solicited business in the State of Texas, transacted business within the State of Texas and attempted to derive financial benefit from residents of the State of Texas in this District, including benefits directly related to the instant patent infringement causes of action set forth herein; (ii) having placed its products and services into the stream of commerce throughout the United States and having been actively engaged in transacting business in Texas and in this District, and (iii) having committed the complained of tortious acts in Texas and in this District.

**Answer to Complaint ¶ 45:** To the extent the allegations in Paragraph 45 set forth legal conclusions, no response is required. To the extent a response is required, Apple does not contest that this Court has personal jurisdiction over it for the purposes of this action only, but does not waive the right to contest personal jurisdiction in any other case or action in this District. Apple admits that it has sold and marketed certain products in the United States, including in the State of Texas and in this District. Apple denies any remaining allegations in Paragraph 45, including any allegation of infringement.

**Complaint ¶ 46:** Apple, directly and/or through subsidiaries and agents (including distributors, retailers, and others), makes, imports, ships, distributes, offers for sale, sells, uses, and advertises (including offering products and services through its website as well as other retailers) its products and/or services in the United States, the State of Texas and the Western District of Texas.

**Answer to Complaint ¶ 46:** Apple admits that it, directly and/or through subsidiaries and agents, sells, offers for sale, and distributes certain of its products in the United States, including in the State of Texas and in this District. Apple denies any remaining allegations in Paragraph 46, including any allegation of infringement.

**Complaint ¶ 47:** Apple, directly and/or through its subsidiaries and agents (including distributors, retailers, and others), has purposefully and voluntarily placed one or more of its infringing products and/or services, as described below, into the stream of commerce with the expectation that they will be purchased and used by consumers in the Western District of Texas. These infringing products and/or services have been and continue to be purchased and used by consumers in the Western District of Texas. Apple has committed acts of patent infringement within the State of Texas and, more particularly, within the Western District of Texas.

**Answer to Complaint ¶ 47:** To the extent the allegations in Paragraph 47 set forth legal conclusions, no response is required. To the extent a response is required, Apple admits that it places products into the stream of commerce in the United States, including in this District. Apple specifically denies that any such products are infringing and denies all remaining allegations in Paragraph 47, including any allegation that Apple has committed acts of patent infringement within this District.

**Complaint ¶ 48:** Venue is proper in this District under §1400 (b), which provides that 'Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.' Venue is proper as to Defendant because it has committed acts of patent infringement in this District and because it has multiple regular and established places of business in this District, as shown above.

**Answer to Complaint ¶ 48:** To the extent the allegations in Paragraph 48 set forth legal conclusions, no response is required. To the extent a response is required, Apple admits that it has offices in this District and has sold certain products in this District. Apple denies any allegation that it has committed acts of patent infringement in this District. Apple denies any remaining allegations in Paragraph 48.

**APPLE'S [ALLEGEDLY] INFRINGING PRODUCTS**

**Complaint ¶ 49:** Apple's use of the LTE/4G and 5G Standards infringed GenghisComm's patent claims.

**Answer to Complaint ¶ 49:** Denied. Apple denies all allegations in Paragraph 49, including any allegation that Apple's use of any telecommunications standard has infringed or infringes any claim of any Patent-in-Suit.

**Complaint ¶ 50:** Confidential fact discovery, including technical information from Apple and its third party chipset suppliers (e.g. Qualcomm), will further confirm that Apple's devices infringe GenghisComm's patent claims.

**Answer to Complaint ¶ 50:** Denied. Apple denies all allegations in Paragraph 50, including any suggestion that Apple's devices infringe any claim of any Patent-in-Suit and any suggestion that discovery will confirm infringement.

**Complaint ¶ 51:** Apple has been directly infringing claims of the Patents-in-Suit under 35 U.S.C. § 271(a) by making, using, offering for sale, selling, and/or importing the below accused smartphones, tablets, and other mobile wireless devices in this District.

**Answer to Complaint ¶ 51:** Denied. Apple denies all allegations in Paragraph 51, including any allegation of direct infringement under 35 U.S.C. § 271(a).

**Complaint ¶ 52:** Apple's infringing products include its mobile devices that have LTE/4G network connectivity and meet the LTE standards and were sold or used in the U.S., including, but not limited to: iPad Pro, iPad, iPad Mini, iPad Air, iPhone SE, iPhone 11, 12, 14, 14, SE, 15, 16, and 17 Series (including Mini, Pro and Pro Max versions of each), Watch Series 6, Watch Series 7, Watch Series 8, Watch Series 9, Watch SE, Watch Ultra, Watch Ultra 2. Apple's infringing LTE/4G products are collectively referred to as the 'Apple's LTE/4G Devices.' Apple's LTE/4G Devices include devices that may also be 5G compliant.

**Answer to Complaint ¶ 52:** Apple admits that it makes, sells, offers for sale, and imports various mobile devices, including certain iPhone, iPad, and Apple Watch models that support 4G/LTE and/or 5G. Apple denies that any of these products infringe any claim of any Patent-in-Suit, directly or otherwise. Apple denies all remaining allegations in Paragraph 52, including the characterization of these products as "infringing." Apple further denies that the listed product models accurately and completely reflect the products Plaintiff purports to accuse of infringement in this case.

**Complaint ¶ 53:** Apple's infringing products further include its mobile devices that have 5G network connectivity and meet the 5G wireless standards and were sold or used in the U.S., including, but not limited to, the following products released after 2020: iPad Pro, iPad, iPad Mini, iPad Air, iPhone 12, 14, 14, SE, 15, 16, and 17 Series (including Mini, Pro and Pro Max versions of each), Apple Watch Series 11, Apple Watch Ultra 3, Apple Watch SE (3rd Generation) (GPS + Cellular). Apple's infringing 5G products are collectively referred to as the "Apple's 5G Devices."

**Answer to Complaint ¶ 53:** Apple admits that it makes, sells, offers for sale, and imports certain iPhone, iPad, and Apple Watch models that support 5G. Apple denies that any of these products infringe any claim of any Patent-in-Suit, directly or otherwise. Apple denies all

remaining allegations in Paragraph 53, including the characterization of these products as "infringing."

**Complaint ¶ 54:** Apple's LTE/4G Devices comply with the mandatory requirements of 3GPP TS 36.211 version 8.7.0 ("LTE Standard").

**Answer to Complaint ¶ 54:** To the extent the allegations in Paragraph 54 set forth legal or technical conclusions, no response is required. To the extent a response is required, Apple admits that certain of its products support 4G/LTE network connectivity and may support certain specific provisions of applicable telecommunications standards. Apple denies any remaining allegations in Paragraph 54, including any allegation that the Accused Products' support of any standard or portion thereof constitutes infringement of any claim of any Patent-in-Suit.

**Complaint ¶ 55:** 4G/LTE phones must comply with the following sections of the 3GPP TS 36.211 version 8.7.0 LTE Standard:

5.1.1 Physical Channels
5.2 Slot structure and physical resources
5.2.1 Resource Grid
5.3 Physical uplink shared channel
5.3.1 Scrambling
5.3.2 Modulation
5.3.3 Transform Precoding
5.3.4 Mapping to Physical Resources
5.6 SC-FDMA Baseband Signal Generation
5.8 Modulation and Upconversion
7.1 Modulation mapping
7.2 Pseudo-random sequence generation

**Answer to Complaint ¶ 55:** To the extent the allegations in Paragraph 55 set forth legal or technical conclusions, no response is required. To the extent a response is required, Apple states that the referenced standard document speaks for itself, and Apple denies any characterization of that document inconsistent with its plain text. Apple denies any remaining allegations in Paragraph

55, including any allegation that the Accused Products' support of any enumerated standard section or portion thereof constitutes infringement of any claim of any Patent-in-Suit.

**Complaint ¶ 56:** Apple's 5G Devices comply with the mandatory requirements of 3GPP TS 38.211 Version 15.2.0 ("5G Standard").

**Answer to Complaint ¶ 56:** To the extent the allegations in Paragraph 56 set forth legal or technical conclusions, no response is required. To the extent a response is required, Apple admits that certain of its products support 5G network connectivity and may support certain specific provisions of applicable telecommunications standards. Apple denies any remaining allegations in Paragraph 56, including any allegation that the Accused Products' support of any standard or portion thereof constitutes infringement of any claim of any Patent-in-Suit.

**Complaint ¶ 57:** 5G phones must comply with the following sections of 3GPP TS 38.211 Version 15.2.0 5G Standard:

4.2 Numerologies
4.4.2 Resource Grid
4.4.4 Resource Blocks
4.4.4.1 General
5.1 Modulation mapper
5.2.1 Pseudo-random sequence generation
5.3 OFDM baseband signal generation
5.3.1 OFDM baseband signal generation for all channels except PRACH
5.4 Modulation and upconversion
6.3.1 Physical uplink shared channel
6.3.1.1 Scrambling
6.3.1.2 Modulation
6.3.1.4 Transform Precoding
6.4.1.1 Demodulation reference signal for PUSCH
6.4.1.2 Phase-tracking reference signals for PUSCH
6.4.1.4 Sounding reference signal
7.2 Pseudo-random sequence generation

**Answer to Complaint ¶ 57:** To the extent the allegations in Paragraph 57 set forth legal or technical conclusions, no response is required. To the extent a response is required, Apple states

that the referenced standard document speaks for itself, and Apple denies any characterization of that document inconsistent with its plain text. Apple denies any remaining allegations in Paragraph 57, including any allegation that the Accused Products' support of any enumerated standard section or portion thereof constitutes infringement of any claim of any Patent-in-Suit.

## APPLE'S [ALLEGED] DIRECT INFRINGEMENT, INDUCEMENT OF INFRINGEMENT, AND CONTRIBUTORY INFRINGEMENT

**Complaint ¶ 58:** Defendant Apple has been directly infringing claims of the Patents-in-Suit under 35 U.S.C. § 271(a) by using, making, offering for sale, selling, and/or importing the below accused smartphones, tablets, and other mobile wireless devices in this District and elsewhere in the United States.

**Answer to Complaint ¶ 58:** Denied. Apple denies all allegations in Paragraph 58, including any allegation of direct infringement under 35 U.S.C. § 271(a).

**Complaint ¶ 59:** Apple used the method claims itself and directly infringed the method claims.

**Answer to Complaint ¶ 59:** Denied. Apple denies all allegations in Paragraph 59, including any allegation that Apple used, or that it directly infringed, any method claim of any Patent-in-Suit.

**Complaint ¶ 60:** On information and belief, Apple, including its officers, directors, employees, and agents use Apple's 4G/LTE Devices and Apple's 5G Devices in a manner that practices all the steps in method claims.

**Answer to Complaint ¶ 60:** Denied. Apple denies all allegations in Paragraph 60, including any allegation that Apple or its officers, directors, employees, or agents have used any Apple device in a manner that practices all steps of any method claim of any Patent-in-Suit.

**Complaint ¶ 61:** On information and belief, Apple performs all of the steps of the method claims itself, including in testing, development, demonstrations, showcases, customer support, and training. E.g. testing, development, demonstrations, showcases, customer support, and training. https://www.reddit.com/r/apple/comments/jbva03/supercut_of_the_words_5g_being_said_at_the_iphone/ (Supercut of Apple saying the words "5G" at iPhone 12 keynote.)

**Answer to Complaint ¶ 61:** Denied. Apple denies all allegations in Paragraph 61, including any allegation that Apple performs all steps of any method claim of any Patent-in-Suit in any of the enumerated activities. Apple lacks knowledge or information sufficient to form a belief as to the truth and veracity of the information referenced in the third-party source, and on that basis, denies the statements therein.

**Complaint ¶ 62:** In addition, Apple directed end users to practice the method claims.

**Answer to Complaint ¶ 62:** Denied. Apple denies all allegations in Paragraph 62, including any allegation that Apple directed end users to practice any method claim of any Patent-in-Suit.

**Complaint ¶ 63:** Apple controlled whether its 4G/LTE and 5G products use the 4G/LTE and 5G standards and practiced the method claims.

**Answer to Complaint ¶ 63:** Denied. Apple denies all allegations in Paragraph 63, including any allegation that Apple controlled whether its products practice any method claim of any Patent-in-Suit.

**Complaint ¶ 64:** Apple decided to sell products in the U.S. that meet the 4G/LTE and 5G standards and derived a large direct financial benefit from doing so.

**Answer to Complaint ¶ 64:** Apple admits that it sells products in the United States that support 4G/LTE and 5G connectivity. Apple denies any remaining allegations in Paragraph 64,

including any allegation of infringement or any implication that the sale of such products constitutes direct or indirect infringement of any claim of any Patent-in-Suit.

**Complaint ¶ 65:** When a user used an Apple 4G/LTE or 5G product, the user and the Apple products acted under Apple's direction and control with respect to whether the claimed methods are practiced.

**Answer to Complaint ¶ 65:** Denied. Apple denies all allegations in Paragraph 65, including any allegation that end users act under Apple's direction and control with respect to the alleged practice of any method claim of any Patent-in-Suit.

**Complaint ¶ 66:** For example, Apple phones with 4G/LTE capability connected to 4G/LTE networks automatically if they were within range of the network.

**Answer to Complaint ¶ 66:** Denied. Apple denies all allegations in Paragraph 66, including any allegation that Apple phones with 4G/LTE capability connected to 4G/LTE networks automatically if they were within range of the network.

**Complaint ¶ 67:** For example, Apple phones with 5G capability connected to 5G networks automatically if they were within range of the network.

**Answer to Complaint ¶ 67:** Denied. Apple denies all allegations in Paragraph 67, including any allegation that Apple phones with 5G capability connected to 5G networks automatically if they were within range of the network.

**Complaint ¶ 68:** Apple's 5G Devices are designed to connect to 5G networks automatically.

**Answer to Complaint ¶ 68:** Denied. Apple denies all allegations in Paragraph 68, including any allegation that Apple's 5G Devices are designed to connect to 5G networks automatically.

**Complaint ¶ 69:** Apple's default 5G setting on an iPhone is "5G Auto" (or "5G Automatic").

**Answer to Complaint ¶ 69:** Apple admits that certain iPhones have a "5G Auto" (or "5G Automatic") setting. Apple denies any remaining allegations in Paragraph 69, including any allegation that this setting is the "default 5G setting."

**Complaint ¶ 70:** In 5G Auto, the iPhone automatically connected to 5G when the carrier's network is available and the task requires high speed (like downloading a movie or FaceTime HD) without user interference or user action.

**Answer to Complaint ¶ 70:** Denied. Apple denies all allegations in Paragraph 70, including any allegation the iPhone automatically connects to 5G when the carrier's network is available and the task requires high speed (like downloading a movie or FaceTime HD) without user interference or user action.

**Complaint ¶ 71:** Apple's phones show a 4G/LTE/5G indicator bar.

**Answer to Complaint ¶ 71:** Certain of Apple's devices can display an icon identifying the cellular network to which it is connected in the status bar. Apple denies any remaining allegations in Paragraph 71.

**Complaint ¶ 72:** Apple has the ability to control the infringing activity and retains control over its phones and other devices even after sale through preset settings and unchangeable functions and also by Apple sending software and security updates over the air to its phones.

**Answer to Complaint ¶ 72:** Denied. Apple denies all allegations in Paragraph 72, including any allegation that Apple "controls infringing activity" or that post-sale software or security updates constitute direction or control over end users' alleged practice of any method

claim of any Patent-in-Suit. Apple further denies the characterization that any activity at issue is "infringing."

**Complaint ¶ 73:** Apple sent over-the-air (OTA) updates to its phones that directly relate to 4G/LTE and 5G network usage, 5G performance, and 5G capabilities. These updates can take the form of iOS software updates or carrier settings updates.

**Answer to Complaint ¶ 73:** Denied. Apple denies the allegations in Paragraph 73, including any allegation that any such updates constitute direction or control over end users or that they give rise to infringement of any claim of any Patent-in-Suit.

**Complaint ¶ 74:** Apple designed the accused products to perform the method steps automatically whenever Apple's products are used.

**Answer to Complaint ¶ 74:** Denied. Apple denies all allegations in Paragraph 74, including any allegation that Apple designed any accused product to perform any step of any method claim of any Patent-in-Suit, automatically or otherwise.

**Complaint ¶ 75:** End users, and the Apple products, are under Apple's direction and control with respect to the infringing steps.

**Answer to Complaint ¶ 75:** Denied. Apple denies all allegations in Paragraph 75, including any allegation that end users or Apple products are under Apple's direction and control with respect to any alleged infringing steps.

**Complaint ¶ 76:** Alternatively, the end user of the Apple devices is the direct infringer of the method claims and Defendant Apple has also been, and now is, actively inducing infringement of the Patents-in-Suit under 35 U.S.C. § 271(b) by performing, or inducing end users to perform, every step in the claimed methods. E.g. https://www.apple.com/iphone/cellular/ and

https://www.adsoftheworld.com/campaigns/5g-just-got-real (Chris Rock ad for iPhone 12 with 5G).

**Answer to Complaint ¶ 76:** Denied. Apple denies all allegations in Paragraph 76, including any allegation that Apple has induced or is inducing infringement of any claim of any Patent-in-Suit under 35 U.S.C. § 271(b). Apple further denies that end users directly infringe any claim of any Patent-in-Suit. Apple states that the referenced hyperlink, if authentic, speaks for itself and does not demonstrate infringement or inducement.

**Complaint ¶ 77:** Defendant Apple knew about GenghisComm's patents, given GenghisComm's notice letters discussed in this Complaint.

**Answer to Complaint ¶ 77:** Apple admits corresponding with GenghisComm prior to this litigation and through that correspondence, over time, GenghisComm identified patents in its portfolio at different times. Apple denies any remaining allegations in Paragraph 77.

**Complaint ¶ 78:** Defendant Apple knew that GenghisComm's patents were essential to the 4G/LTE and 5G standards.

**Answer to Complaint ¶ 78:** Denied. Apple denies all allegations in Paragraph 78, including any allegation that Apple knew or believes that any Patent-in-Suit is essential to any 4G/LTE or 5G standard.

**Complaint ¶ 79:** Defendant Apple knew that GenghisComm stated that its patents were essential to the 4G/LTE and 5G standards.

**Answer to Complaint ¶ 79:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint relating to GenghisComm's statements, and on that basis, denies them.

**Complaint ¶ 80:** Apple intentionally complied with the 4G/LTE and 5G standards.

**Answer to Complaint ¶ 80:** Apple admits that certain of its products are designed to support 4G/LTE and/or 5G. Apple denies any remaining allegations in Paragraph 80, including any allegation that the Accused Products' support of any telecommunications standard or portion thereof constitutes infringement of any claim of any Patent-in-Suit.

**Complaint ¶ 81:** Apple intentionally intended its phones to function as described in the 4G/LTE and 5G standards.

**Answer to Complaint ¶ 81:** Apple admits that certain of its products are designed to support 4G/LTE and/or 5G. Apple denies any remaining allegations in Paragraph 81, including any allegation that designing products to operate in accordance with telecommunications standards constitutes infringement of any claim of any Patent-in-Suit.

**Complaint ¶ 82:** Apple intended its phones to function as described in GenghisComm's claims.

**Answer to Complaint ¶ 82:** Denied. Apple denies all allegations in Paragraph 82, including any allegation that Apple intended its phones to function as described in any claim of any Patent-in-Suit.

**Complaint ¶ 83:** Apple specifically intended its phones to function as described in the GenghisComm patent claims and for users to use them as 4G/LTE and 5G devices and as described in the GenghisComm patent claims.

**Answer to Complaint ¶ 83:** Denied. Apple denies all allegations in Paragraph 83, including any allegation that Apple specifically intended for any of its products or their users to practice any claim of any Patent-in-Suit.

**Complaint ¶ 84:** Apple actively encouraged infringement by designing its accused products to perform the method steps automatically whenever Apple's products are used, advertising compliance with the 4G/LTE and 5G standards, and submitting its products for 4G/LTE and 5G compliance and interoperability testing and certification to ensure that they infringed.

**Answer to Complaint ¶ 84:** Denied. Apple denies all allegations in Paragraph 84, including any allegation that Apple actively encouraged infringement of any claim of any Patent-in-Suit. Apple denies that designing products that support telecommunications standards, advertising such support, or submitting products for testing constitutes inducement of infringement or any other form of infringement under 35 U.S.C. § 271.

**Complaint ¶ 85:** Apple knew that its phones practiced the method claims.

**Answer to Complaint ¶ 85:** Denied. Apple denies all allegations in Paragraph 85, including any allegation that Apple practices any method claim of any Patent-in-Suit and knew or knows that any of its products practices any method claim of any Patent-in-Suit.

**Complaint ¶ 86:** Apple has no opinion of counsel from before the case was filed stating that Apple did not infringe.

**Answer to Complaint ¶ 86:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 86.

**Complaint ¶ 87:** The above evidence confirms that Defendant Apple knowingly induced infringement and possessed specific intent to encourage others' inducement.

**Answer to Complaint ¶ 87:** Denied. Apple denies all allegations in Paragraph 87, including any allegation that Apple knowingly induced infringement of any claim of any Patent-in-Suit or that Apple possessed any specific intent to encourage infringement.

**Complaint ¶ 88:** Defendant Apple actively encouraged users of its 4G/LTE and 5G smartphones, tablets, and other mobile wireless devices to use its devices in a manner that infringes GenghisComm's patents.

**Answer to Complaint ¶ 88:** Denied. Apple denies all allegations in Paragraph 88, including any allegation that Apple actively encouraged users to use its devices in any manner that infringes any claim of any Patent-in-Suit.

**Complaint ¶ 89:** Alternatively, if the end user of the Apple devices is the direct infringer of the method claim, Defendant Apple has been contributorily infringing of the Patents-in-Suit under 35 U.S.C. § 271(c) because Apple also offered to sell, and sold, within the United States, and imported into the United States 4G/LTE and 5G smartphones, tablets, and other devices that constitute a material part of the invention (if not the entire invention), knowing that Apple especially made them for use in an infringement of GenghisComm's patent.

**Answer to Complaint ¶ 89:** Denied. Apple denies all allegations in Paragraph 89, including any allegation of contributory infringement under 35 U.S.C. § 271(c). Apple denies that any of its products constitute a material part of any invention claimed in any Patent-in-Suit, and denies that Apple knew that any of its products were especially made or adapted for use in infringement of any Patent-in-Suit.

**Complaint ¶ 90:** For purposes of contributory infringement analysis, the components of Apple's smartphones, tablets, and other devices at issue are the software and hardware that allow

the devices to operate on 4G/LTE or 5G cellular networks (the '4G/LTE or 5G Cellular Radio Components').

**Answer to Complaint ¶ 90:** To the extent the allegations in Paragraph 90 set forth legal conclusions, no response is required. To the extent a response is required, Apple denies all allegations in Paragraph 90, including any characterization of relevant components for contributory infringement purposes.

**Complaint ¶ 91:** The 4G/LTE or 5G Cellular Radio Components are separate and distinct from the other functions of Apple's smartphones, tablets, and other devices and contributory infringement should be analyzed based on the separable 4G/LTE or 5G Cellular Radio Components rather than the entire products.

**Answer to Complaint ¶ 91:** To the extent the allegations in Paragraph 91 set forth legal conclusions, no response is required. To the extent a response is required, Apple denies all allegations in Paragraph 91, including any characterization of the alleged components as separate and distinct from other product functions for contributory infringement purposes.

**Complaint ¶ 92:** The 4G/LTE or 5G Cellular Radio Components are not staple articles of commerce suitable for substantial non-infringing uses.[14]

**Answer to Complaint ¶ 92:** To the extent the allegations in Paragraph 92 set forth legal conclusions, no response is required. To the extent a response is required, Apple denies all allegations in Paragraph 92, including any allegation that the 4G/LTE or 5G Cellular Radio Components (as Plaintiff defines them) are not staple articles of commerce or are not suitable for substantial non-infringing uses.

---

[14] *See, e.g. Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321 (Fed. Cir. 2010).

**Complaint ¶ 93:** For purposes of contributory infringement analysis, the components of Apple's smartphones, tablets, and other devices at issue are the software and hardware that allow the devices to operate on 4G/LTE or 5G cellular networks (the "4G/LTE or 5G Cellular Radio Components").

**Answer to Complaint ¶ 93:** To the extent the allegations in Paragraph 93 set forth legal conclusions, no response is required. To the extent a response is required, Apple denies all allegations in Paragraph 93. Apple notes that Paragraph 93 appears to be duplicative of Paragraph 90.

**Complaint ¶ 94:** Apple sold and imported the 4G/LTE and 5G smartphones, tablets, and other devices into the United States.

**Answer to Complaint ¶ 94:** Apple admits that it has sold and imported certain smartphones, tablets, and other devices that support 4G/LTE and/or 5G in and into the United States. Apple denies any remaining allegations in Paragraph 94, including any allegation of infringement.

**Complaint ¶ 95:** Apple knew its products (e.g. phones) were specifically designed or adapted for use in the infringing processes because Apple designed the products, including to meet the 4G/LTE and 5G standards, and Apple advertised and marketed the phones as meeting the 4G/LTE and 5G standards. Because Apple's 4G/LTE and 5G products are 4G/LTE and 5G phones, there is no substantial non-infringing use.

**Answer to Complaint ¶ 95:** Denied. Apple denies all allegations in Paragraph 95, including any allegation that Apple's products were specifically designed or adapted for use in any infringing process, that there is no substantial non-infringing use for any Apple product, and any allegation that Apple knew its products would be used to infringe any claim of any Patent-in-Suit.

**Complaint ¶ 96:** Apple makes and sells its products such that they are not just capable of performing the methods, they automatically perform the method steps, and without user intervention.

**Answer to Complaint ¶ 96:** Denied. Apple denies all allegations in Paragraph 96, including any allegation that Apple's products automatically perform any step of any method claim of any Patent-in-Suit without user intervention.

## APPLE'S [ALLEGED] KNOWLEDGE OF THE PATENTS-IN-SUIT AND [ALLEGED] CONTINUED INFRINGEMENT DESPITE THAT [ALLEGED] KNOWLEDGE

**Complaint ¶ 97:** On October 29, 2020, counsel for GenghisComm sent a letter to Apple, informing Apple of GenghisComm's patents, and how Apple's devices with LTE/4G and 5G cellular connectivity infringed GenghisComm's patents. It was emailed and UPS confirmed that the letter was delivered. Including the claim charts, the letter was 105 pages. Apple has been aware of at least the '842, '227 and '568 Patents since at least October 29, 2020.

**Answer to Complaint ¶ 97:** Apple states that the content of the referenced letter speaks for itself. Apple denies any allegation regarding or characterization of that letter that is inconsistent with its plain text.

**Complaint ¶ 98:** Ryan Yang of Apple confirmed receipt of the letter on October 30, 2020, and informed GenghisComm that Apple was reviewing it.

**Answer to Complaint ¶ 98:** Apple states that the content of the referenced email speaks for itself. Apple denies any allegation regarding or characterization of that email that is inconsistent with its plain text.

**Complaint ¶ 99:** On December 7, 2020, counsel for GenghisComm sent an email to Apple asking for an update on Apple's review. Apple responded and proposed a discussion in

December. The parties spoke on December 17, 2020 to discuss which GenghisComm patents were standard essential and whether FRAND rates would apply.

**Answer to Complaint ¶ 99:** Apple states that the contents of the referenced emails speak for themselves. Apple denies any allegation regarding or characterization of those emails that is inconsistent with their plain text.

**Complaint ¶ 100:** On January 4, 2021, GenghisComm sent a follow-up email addressing several of the issues raised on the December 17, 2020 call.

**Answer to Complaint ¶ 100:** Apple states that the content of the referenced email speaks for itself. Apple denies any allegation regarding or characterization of that email that is inconsistent with its plain text.

**Complaint ¶ 101:** On January 15, 2021, Apple sent a letter to GenghisComm alleging that the Apple does not need a license and that GenghisComm patents were invalid based the standards themselves and on what Apple said was prior art: the Galda reference Apple's letter said dated "May 6-9 2002."

**Answer to Complaint ¶ 101:** Apple states that the content of the referenced letter speaks for itself. Apple denies any allegation regarding or characterization of that letter that is inconsistent with its plain text.

**Complaint ¶ 102:** In response, on February 2, 2021, GenghisComm sent Apple a detailed letter explaining how GenghisComm's patents disclosed the features incorporated into relevant LTE standards prior to the standards adopting GenghisComm's inventions.

**Answer to Complaint ¶ 102:** Apple states that the content of the referenced letter speaks for itself. Apple denies any allegation regarding or characterization of that letter that is inconsistent with its plain text.

**Complaint ¶ 103:** On April 2, 2021, Apple sent its response to GenghisComm's February letter. Apple's letter re-iterated the points made in its January 15, 2021 letter, again arguing that the GenghisComm patents are invalid at least over the prior art versions of the LTE standard and other patents and printed publications, such as for example the Galda paper.

**Answer to Complaint ¶ 103:** Denied. On March 2, 2021, Alison Richards sent an email to Ryan Yang. On March 2, 2021, Ryan Yang responded to Alison Richards's email. Then, on April 2, 2021, Ryan Yang sent an email attaching a follow-up letter to Alison Richards. Apple states that the contents of the referenced emails and letter speak for themselves. Apple denies any allegation regarding or characterization of those emails and letter that is inconsistent with their plain text.

**Complaint ¶ 104:** On May 19, 2021, GenghisComm again responded with a detailed letter.

**Answer to Complaint ¶ 104:** Apple states that the content of the referenced letter speaks for itself. Apple denies any allegation regarding or characterization of that letter that is inconsistent with its plain text.

**Complaint ¶ 105:** Apple sent its response to GenghisComm's May 19, 2021 letter, again presenting many of the same positions it had in its prior correspondence.

**Answer to Complaint ¶ 105:** Apple states that the content of the referenced letter speaks for itself. Apple denies any allegation regarding or characterization of that letter that is inconsistent with its plain text.

**Complaint ¶ 106:** The parties talked again on August 12, 2021.

**Answer to Complaint ¶ 106:** Apple admits that the parties talked on August 12, 2021.

**Complaint ¶ 107:** Apple did not provide any further substantive correspondence afterwards.

**Answer to Complaint ¶ 107:** Denied. On September 8, 2021, Alison Richards sent an email to Ryan Yang and Brian Ankenbrandt (on behalf of Apple). On September 14, 2021, Brian Ankenbrandt sent a responsive email to Alison Richards. On September 22, 2021, Alison Richards sent an email to Brian Ankenbrandt. On September 22, 2021, Brian Ankenbrandt responded to Alison Richards's email. After this exchange, neither Alison Richards nor Irwin Park followed up with anyone at Apple until June 30, 2022. Apple states that the contents of the referenced emails speak for themselves. Apple denies any allegation regarding or characterization of those emails that are inconsistent with their plain text.

**Complaint ¶ 108:** On June 29, 2022, counsel for GenghisComm sent Apple an additional letter (including detailed claim charts) informing Apple that it infringed GenghisComm's 11,075,786 and 11,223,508 Patents.

**Answer to Complaint ¶ 108:** Apple states that the content of the referenced letter speaks for itself. Apple denies any allegation regarding or characterization of that letter that is inconsistent with its plain text.

**Complaint ¶ 109:** Apple responded on July 12, 2022, again denying the applicability of the patents to Apple's products, and again alleging invalidity in view of alleged prior art, the Galda reference.

**Answer to Complaint ¶ 109:** Denied. On July 6, 2022, Matt Clements, on behalf of Apple, responded. On July 12, 2022, Matt Clements sent an additional follow-up email including a letter to Alison Richards. Apple states that the contents of the referenced email and letter speak

for themselves. Apple denies any allegation regarding or characterization of the email and letter that is inconsistent with their plain text.

**Complaint ¶ 110:** The same Apple letter stated that GenghisComm's licensing offers were not consistent with Apple's FRAND framework for the valuation of SEPs, despite GenghisComm's lack of FRAND obligations.

**Answer to Complaint ¶ 110:** Apple states that the content of the referenced letter speaks for itself. Apple denies any allegation regarding or characterization of that letter that is inconsistent with its plain text.

**Complaint ¶ 111:** On December 21, 2022, GenghisComm sent Apple an additional letter (including detailed claim charts) informing Apple that it infringed GenghisComm's 11,252,005, 11,381,285 and 11,424,792 Patents.

**Answer to Complaint ¶ 111:** Apple states that the content of the referenced letter speaks for itself. Apple denies any allegation regarding or characterization of that letter that is inconsistent with its plain text.

**Complaint ¶ 112:** Apple responded on March 6, 2023 without significantly altering its original positions on FRAND, infringement and validity.

**Answer to Complaint ¶ 112:** Apple states that the content of the referenced email speaks for itself. Apple denies any allegation regarding or characterization of that email that is inconsistent with its plain text.

**Complaint ¶ 113:** GenghisComm responded on March 17, 2023, again explaining that GenghisComm does not have FRAND obligations because it did not participate in standard setting, and because no agreement existed that imposed any FRAND obligations on GenghisComm.

**Answer to Complaint ¶ 113:** Apple states that the content of the referenced email speaks for itself. Apple denies any allegation regarding or characterization of that email that is inconsistent with its plain text.

**Complaint ¶ 114:** GenghisComm had provided its 2022 GenghisComm Handset and Tablet Royalty Rate Card to Apple by no later than December 20, 2023.

**Answer to Complaint ¶ 114:** Apple states that the content of the referenced email speaks for itself. Apple denies any allegation regarding or characterization of that email that is inconsistent with its plain text.

**Complaint ¶ 115:** GenghisComm further informed Apple that the 2022 rates offered would only be available until the end of 2023, at which point rates would increase in 2024. GenghisComm also provided Apple with its Genghiscomm's 2024 Handset and Tablet Royalty Rate Card no later than July 2, 2024.

**Answer to Complaint ¶ 115:** Apple states that Alison Richards sent an email to Apple on December 13, 2023. On December 20, 2023, Genie Tu, on behalf of Apple, sent an email to Alison Richards. The parties exchanged other communications between December 2023 and July 2, 2024. Apple states that the content of the referenced emails speaks for themselves. Apple denies any allegation regarding or characterization of those emails that is inconsistent with their plain text.

**Complaint ¶ 116:** In addition to all of GenghisComm's other efforts to offer Apple a patent license since 2020, some of which are detailed above, on July 2, 2024, GenghisComm's counsel made Apple aware of Unified's ex parte reexamination, explaining, in relevant part:

> However, if GenghisComm wins the ex parte re-examination and keeps its patent claims, the rate card requires that the royalty rate will increase by $.072 for that '227 patent, bringing the total rate for that scenario to $.21 per unit, which is still discounted from the *Georgia Pacific* trial rate that GenghisComm will seek at trial, as shown on the rate card, $1.296 or more per unit. I'm re-attaching the 2024 royalty rate card for Apple's convenient reference again here.

> As explained in our prior letters and emails since 2020, GenghisComm's patents are essential to the technical standards, and essential to the technical operation of Apple's phones and other devices. However, unlike many other patent holders, GenghisComm has no FRAND or RAND contractual obligations because the standard setting bodies included GenghisComm's invented technologies in their technical standards and requirements without GenghisComm's involvement or consent.
>
> Please let us know if Apple is interested in entering a settlement agreement. We continue to prefer to resolve this patent issue on friendly terms.

**Answer to Complaint ¶ 116:** Apple states that, on July 2, 2024, Alison Richards sent an email to Apple in response to Apple's February 15, 2024 email. Apple states that the content of the referenced emails speaks for themselves. Apple denies any allegation regarding or characterization of those emails that is inconsistent with their plain text.

**Complaint ¶ 117:** No one from Apple ever responded to the above email from July 2, 2024.

**Answer to Complaint ¶ 117:** Denied. Apple states that communications between Apple and GenghisComm took place after July 2, 2024. Apple admits that it is unaware of any response on its behalf specifically to GenghisComm's July 2, 2024 email about Unified Patents' *ex parte* reexamination request, which Alison Richards sent in response to Apple's February 15, 2024 email regarding GenghisComm's threat to increase its royalty demand sent on January 2, 2024.

**Complaint ¶ 118:** In October of 2025, the PTAB issued an Order reversing the Examiner's reexamination of the '227 patent (in response to Unified Patents' request for reexamination). Exhibit C.

**Answer to Complaint ¶ 118:** Apple admits that Exhibit C purports to be a decision, dated October 2025, that reversed a final rejection of certain claims. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 118 and on that basis denies them.

**Complaint ¶ 119:** On February 26, 2026, the USPTO issued a Reexamination Certificate. Exhibit D.

**Answer to Complaint ¶ 119:** Apple admits that Exhibit D purports to be a Reexamination Certificate issued by the USPTO dated February 26, 2026. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 119 and on that basis denies them.

**Complaint ¶ 120:** GenghisComm continued to offer Apple a license at the rate card rates.

**Answer to Complaint ¶ 120:** Apple admits that after GenghisComm filed its Complaint in this case, Apple and GenghisComm exchanged several emails and letters. Apple states that the contents of the referenced emails and letters speak for themselves. Apple denies any allegation regarding or characterization of those emails and letters that is inconsistent with their plain text.

**Complaint ¶ 121:** Apple never agreed to enter into any licensing agreement with GenghisComm.

**Answer to Complaint ¶ 121:** Apple admits that it has never entered into any licensing agreement directly with GenghisComm.

**Complaint ¶ 122:** This Complaint serves as additional notice to Apple for each of the Patents-in-Suit and the manner in which the Patents-in-Suit are infringed.

**Answer to Complaint ¶ 122:** To the extent the allegations in Paragraph 122 set forth legal conclusions, no response is required. To the extent a response is required, Apple admits that the filing of this Complaint provides notice of the allegations contained therein. Apple denies any remaining allegations in Paragraph 122, including any allegation of infringement.

**Complaint ¶ 123:** Despite knowledge of the Patents-in-Suit and knowledge of the manner in which the Patents-in-Suit are infringed as demonstrated in the provided claim charts, Apple has

continued to infringe, and/or induce the infringement of, the Patents-in-Suit through patent expiration.

**Answer to Complaint ¶ 123:** Denied. Apple denies all allegations in Paragraph 123, including any allegation that Apple has infringed or is infringing any claim of any Patent-in-Suit, directly or indirectly.

**COUNT 1: [ALLEGED] INFRINGEMENT OF U.S. PATENT 9,768,842**

**Complaint ¶ 124:** GenghisComm incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as though set forth in full herein.

**Answer to Complaint ¶ 124:** Apple incorporates by reference its responses to Paragraphs 1 through 123 as if fully set forth herein.

**Complaint ¶ 125:** On September 19, 2017, the '842 Patent entitled 'Pre-coding in multi-user MIMO' was duly and legally issued by the USPTO.

**Answer to Complaint ¶ 125:** Apple admits that a document purporting to be a copy of U.S. Patent No. 9,768,842 is attached to the Complaint as an exhibit. Apple admits that the face of the patent states it issued on September 19, 2017, and is titled "Pre-coding in multi-user MIMO." Apple lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 125, and on that basis, denies them.

**Complaint ¶ 126:** The '842 Patent has a priority claim to earlier applications no later than May 14, 2002.

**Answer to Complaint ¶ 126:** Apple admits that, on its face, the '842 Patent purports to claim priority to May 14, 2002.

**Complaint ¶ 127:** For the ’842 Patent, Steve Shattil provided a swear behind declaration showing a corroborated invention date of November 2, 1999.[15]

**Answer to Complaint ¶ 127:** Apple admits that a purported swear-behind declaration was made by Steve Shattil regarding the ’842 Patent. Apple denies the remaining allegations in Paragraph 127, including any allegation that the ’842 Patent is entitled to an invention date of November 2, 1999.

**Complaint ¶ 128:** Apple made, used, sold, offered for sale, and imported wireless devices, Apple’s LTE/4G Devices, that use 4G/LTE networks and comply with the 4G LTE wireless standards (e.g., 3GPP TS 36.211 version 8.7.0 Release 8; the “LTE Standard”) and its requirements for uplink physical channel communications. These communications were sent from Apple’s LTE/4G Devices to eNodeB receivers located at cell sites.

**Answer to Complaint ¶ 128:** Apple admits that it has made, used, sold, offered for sale, and imported certain devices that support 4G/LTE functionality. Apple denies any remaining allegations in Paragraph 128, including any allegation that any such device infringes any claim of the ’842 Patent or that the Accused Products’ support of any 4G/LTE standard or portion thereof constitutes infringement.

**Complaint ¶ 129:** Apple infringed the ’842 Patent claims for at least the reasons set forth in the claim charts attached as Exhibits E and F, which is incorporated by reference in this Complaint.

**Answer to Complaint ¶ 129:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph

[15] Notably, this is before Apple’s purported date for the Galda reference of May 6-9, 2002.

129, including any allegation that Apple has infringed any claim of the ’842 Patent. Apple further denies that the claim charts establish infringement.

**Complaint ¶ 130:** Apple has made, used, sold, imported, and/or offered for sale Apple’s LTE/4G Devices that met each and every element of the claims of the ’842 Patent.

**Answer to Complaint ¶ 130:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 130, including any allegation that any Apple product meets each and every element of any claim of the ’842 Patent.

**Complaint ¶ 131:** Apple had notice of infringement and knowledge of the ’842 Patent since October 29, 2020.

**Answer to Complaint ¶ 131:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 131, including any allegation that Apple had notice of infringement and knowledge of the ’842 Patent since October 29, 2020.

**Complaint ¶ 132:** The ’842 Patent expired on May 14, 2022.

**Answer to Complaint ¶ 132:** Apple lacks knowledge or information sufficient to form a belief as to the truth of the specific expiration date alleged in Paragraph 132, and on that basis, denies any remaining allegations.

**Complaint ¶ 133:** As a direct and proximate result of Apple’s acts of patent infringement, GenghisComm has been injured, and has sustained damages.

**Answer to Complaint ¶ 133:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 133, including any allegation that Apple has committed any act of patent infringement with respect

to the ’842 Patent, that GenghisComm has suffered any injury, or that GenghisComm has sustained any damages as a result of any act by Apple.

**Complaint ¶ 134:** Apple owes GenghisComm reasonable royalty damages for Apple’s LTE/4G Devices sold and used from October 29, 2020 to May 14, 2022.

**Answer to Complaint ¶ 134:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 134, including any allegation that Apple owes any damages to GenghisComm with respect to the ’842 Patent.

**Complaint ¶ 135:** Apple’s infringement was willful.

**Answer to Complaint ¶ 135:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 135, including any allegation of willful infringement of any claim of the ’842 Patent.

**COUNT 2: [ALLEGED] INFRINGEMENT OF U.S. PATENT 10,200,227**

**Complaint ¶ 136:** GenghisComm incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as though set forth in full herein.

**Answer to Complaint ¶ 136:** Apple incorporates by reference its responses to Paragraphs 1 through 135 as if fully set forth herein.

**Complaint ¶ 137:** On February 5, 2019, the ’227 Patent entitled “Pre-coding in multi-user MIMO” was duly and legally issued by the USPTO.

**Answer to Complaint ¶ 137:** Apple admits that a document purporting to be a copy of U.S. Patent No. 10,200,227 is attached to the Complaint as an exhibit. Apple admits that the face of the patent states it issued on February 5, 2019, and is titled “Pre-coding in multi-user MIMO.”

Apple lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 137, and on that basis, denies them.

**Complaint ¶ 138:** The ’227 Patent has a priority claim to earlier applications no later than May 14, 2002.

**Answer to Complaint ¶ 138:** Apple admits that, on its face, the ’227 Patent purports to claim priority to May 14, 2002.

**Complaint ¶ 139:** For the ’227 Patent, Steve Shattil provided a swear behind declaration showing a corroborated invention date of November 2, 1999.

**Answer to Complaint ¶ 139:** Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 regarding any declaration submitted during prosecution, and on that basis, denies them. Apple further denies any implication that an alleged invention date of November 2, 1999 establishes the validity or priority of any claim of the ’227 Patent.

**Complaint ¶ 140:** Apple made, used, sold, offered for sale, and imported wireless devices, Apple’s LTE/4G Devices, that use 4G/LTE networks and comply with the 4G LTE wireless standards (e.g., 3GPP TS 36.211 version 8.7.0 Release 8; the “LTE Standard”) and its requirements for uplink physical channel communications. These communications were sent from Apple’s LTE/4G Devices to eNodeB receivers located at cell sites.

**Answer to Complaint ¶ 140:** Apple admits that it has made, used, sold, offered for sale, and imported certain devices that support 4G/LTE network connectivity. Apple denies any remaining allegations in Paragraph 140, including any allegation that any such device infringes any claim of the ’227 Patent or that the Accused Products’ support of any LTE standard or portion thereof constitutes infringement.

**Complaint ¶ 141:** Apple infringed the method claims of the '227 Patent for at least the reasons set forth in the claim chart attached as Exhibit G, which is incorporated by reference in this Complaint.

**Answer to Complaint ¶ 141:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 141, including any allegation that Apple has infringed any claim of the '227 Patent. Apple further denies that the claim chart establishes infringement.

**Complaint ¶ 142:** Apple has made, used, sold, imported, and/or offered for sale Apple's LTE/4G Devices that met each and every element of the claims of the '227 Patent.

**Answer to Complaint ¶ 142:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 142, including any allegation that any Apple product meets each and every element of any claim of the '227 Patent.

**Complaint ¶ 143:** For these method claims, to the extent that Apple argues that it is not the direct infringer, and that its phones do not directly infringe, Apple's customers (the end users) practice the method claims for the reasons set forth in the infringement claim charts.

**Answer to Complaint ¶ 143:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 143, including any allegation that Apple's customers practice any method claim of the '227 Patent. Apple further denies that end users directly infringe any claim of the '227 Patent and denies that Apple is liable for any such alleged infringement under any theory.

**Complaint ¶ 144:** Apple owes GenghisComm reasonable royalty damages for Apple's LTE/4G Devices extending back six years from the filing date of this Complaint until the '227 Patent expired.[16]

**Answer to Complaint ¶ 144:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 144, including any allegation that Apple owes any damages to GenghisComm with respect to the '227 Patent or that any damages period is as alleged.

**Complaint ¶ 145:** Apple had notice of infringement and knowledge of the '227 Patent since October 29, 2020.

**Answer to Complaint ¶ 145:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 145, including any allegation that Apple had notice of infringement and knowledge of the '227 Patent since October 29, 2020.

**Complaint ¶ 146:** Apple's infringement was willful.

**Answer to Complaint ¶ 146:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 146, including any allegation of willful infringement of any claim of the '227 Patent.

[16] *Crown Packaging Tech. v. Rexam Beverage Can*, 559 F.3d 1308, 1317 (Fed. Cir. 2009) (35 U.S.C. § 287(a) did not apply where the patentee only asserted the method claims of a patent which included both method and apparatus claims; because Rexam asserted only the method claims of the '839 patent, the marking requirement of 35 U.S.C. § 287(a) does not apply.)

**COUNT 3: [ALLEGED] INFRINGEMENT OF U.S. PATENT 10,389,568**

**Complaint ¶ 147:** GenghisComm incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as though set forth in full herein.

**Answer to Complaint ¶ 147:** Apple incorporates by reference its responses to Paragraphs 1 through 146 as if fully set forth herein.

**Complaint ¶ 148:** On August 20, 2019, the '568 Patent entitled "Single carrier frequency division multiple access baseband signal generation" was duly and legally issued by the USPTO.

**Answer to Complaint ¶ 148:** Apple admits that a document purporting to be a copy of U.S. Patent No. 10,389,568 is attached to the Complaint as an exhibit. Apple admits that the face of the patent states it issued on August 20, 2019, and is titled "Single carrier frequency division multiple access baseband signal generation." Apple lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 148, and on that basis, denies them.

**Complaint ¶ 149:** The '568 Patent has a priority claim to earlier applications no later than May 14, 2002.

**Answer to Complaint ¶ 149:** Apple admits that, on its face, the '568 Patent purports to claim priority to May 14, 2002.

**Complaint ¶ 150:** For the '568 Patent, Steve Shattil provided a swear behind declaration showing a corroborated invention date of November 2, 1999.

**Answer to Complaint ¶ 150:** Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 regarding any declaration submitted during prosecution, and on that basis, denies them. Apple further denies any implication that an alleged

invention date of November 2, 1999 establishes the validity or priority of any claim of the '568 Patent.

**Complaint ¶ 151:** Apple made, used, sold, offered for sale, and imported wireless devices, Apple's LTE/4G Devices, that use 4G/LTE networks and comply with the 4G LTE wireless standards (e.g., 3GPP TS 36.211 version 8.7.0 Release 8; the "LTE Standard") and its requirements for uplink physical channel communications. These communications were sent from Apple's LTE/4G Devices to eNodeB receivers located at cell sites.

**Answer to Complaint ¶ 151:** Apple admits that it has made, used, sold, offered for sale, and imported certain devices that support 4G/LTE network connectivity. Apple denies any remaining allegations in Paragraph 151, including any allegation that any such device infringes any claim of the '568 Patent or that the Accused Products' support of any LTE standard or portion thereof constitutes infringement.

**Complaint ¶ 152:** Apple infringed method claims of the '568 Patent for at least the reasons set forth in the claim chart attached as Exhibit H, which is incorporated by reference in this Complaint.

**Answer to Complaint ¶ 152:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 152, including any allegation that Apple has infringed any claim of the '568 Patent. Apple further denies that the claim chart establishes infringement.

**Complaint ¶ 153:** Apple has made, used, sold, imported, and/or offered for sale Apple's LTE/4G Devices that met each and every element of the claims of the '568 Patent.

**Answer to Complaint ¶ 153:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph

153, including any allegation that any Apple product meets each and every element of any claim of the ’568 Patent.

**Complaint ¶ 154:** For these method claims, to the extent that Apple argues that it is not the direct infringer, and that its phones do not directly infringe, Apple’s customers (the end users) practice the method claims for the reasons set forth in the infringement claim charts.

**Answer to Complaint ¶ 154:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 154, including any allegation that Apple’s customers practice any method claim of the ’568 Patent. Apple further denies that end users directly infringe any claim of the ’568 Patent and denies that Apple is liable for any such alleged infringement under any theory.

**Complaint ¶ 155:** Apple owes GenghisComm reasonable royalty damages for Apple’s LTE/4G Devices extending back six years from the filing date of this Complaint until the ’568 Patent expired.[17]

**Answer to Complaint ¶ 155:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 155, including any allegation that Apple owes any damages to GenghisComm with respect to the ’568 Patent or that any damages period is as alleged.

**Complaint ¶ 156:** Apple had notice of infringement and knowledge of the ’568 Patent since October 29, 2020.

---

[17] *Crown Packaging Tech. v. Rexam Beverage Can*, 559 F.3d 1308, 1317 (Fed. Cir. 2009) (35 U.S.C. § 287(a) did not apply where the patentee only asserted the method claims of a patent which included both method and apparatus claims; because Rexam asserted only the method claims of the ’839 patent, the marking requirement of 35 U.S.C. § 287(a) does not apply.)

**Answer to Complaint ¶ 156:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 156, including any allegation that Apple had notice of infringement and knowledge of the '568 Patent since October 29, 2020.

**Complaint ¶ 157:** Apple's infringement was willful.

**Answer to Complaint ¶ 157:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 157, including any allegation of willful infringement of any claim of the '568 Patent.

**COUNT 4: [ALLEGED] INFRINGEMENT OF U.S. PATENT 11,252,005**

**Complaint ¶ 158:** GenghisComm incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as though set forth in full herein.

**Answer to Complaint ¶ 158:** Apple incorporates by reference its responses to Paragraphs 1 through 157 as if fully set forth herein.

**Complaint ¶ 159:** On February 15, 2022, the '005 Patent entitled 'Spreading and precoding in OFDM' was duly and legally issued by the USPTO.

**Answer to Complaint ¶ 159:** Apple admits that a document purporting to be a copy of U.S. Patent No. 11,252,005 is attached to the Complaint as an exhibit. Apple admits that the face of the patent states it issued on February 15, 2022, and is titled "Spreading and precoding in OFDM." Apple lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 159, and on that basis, denies them.

**Complaint ¶ 160:** For the '005 Patent, Steve Shattil provided a swear behind declaration showing a corroborated invention date of April 16, 2003.

**Answer to Complaint ¶ 160:** Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 regarding any declaration submitted during prosecution, and on that basis, denies them. Apple further denies any implication that an alleged invention date of April 16, 2003 establishes the validity or priority of any claim of the ’005 Patent.

**Complaint ¶ 161:** The USPTO already considered the Galda reference during prosecution: GenghisComm’s ’005 Patent lists the Galda reference on page 5 of the patent.

**Answer to Complaint ¶ 161:** Apple states that the ’005 Patent speaks for itself with respect to cited references, and Apple denies any characterization inconsistent with the patent’s face. Apple admits that certain references may have been before the USPTO during prosecution. Apple denies any remaining allegations in Paragraph 161, including any implication that the listing of a reference during prosecution precludes any invalidity defense based on that reference or any other prior art.

**Complaint ¶ 162:** Apple made, used, sold, offered for sale, and imported wireless devices, Apple’s 5G Devices, that use 5G networks and comply with the 5G wireless standard (e.g., 3GPP TS 38.211 version 15.2.0 Release 15; the “5G Standard”) and its requirements.

**Answer to Complaint ¶ 162:** Apple admits that it has made, used, sold, offered for sale, and imported certain devices that support 5G network connectivity. Apple denies any remaining allegations in Paragraph 162, including any allegation that any such device infringes any claim of the ’005 Patent or that the Accused Products’ support of any 5G standard or portion thereof constitutes infringement.

**Complaint ¶ 163:** Apple’s 4G/LTE Devices meet each and every element of some of the asserted claims of the ’005 Patent, (e.g. Apple’s 4G/LTE devices meet claim 1).

**Answer to Complaint ¶ 163:** Denied. Apple denies all allegations in Paragraph 163, including any allegation that any Apple 4G/LTE device meets each and every element of any claim of the ’005 Patent.

**Complaint ¶ 164:** Apple infringed method claims of the ’005 Patent for at least the reasons set forth in the claim chart attached as Exhibit I, which is incorporated by reference in this Complaint.

**Answer to Complaint ¶ 164:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 164, including any allegation that Apple has infringed any claim of the ’005 Patent. Apple further denies that the claim chart establishes infringement.

**Complaint ¶ 165:** Apple has made, used, sold, imported, and/or offered for sale Apple’s 5G Devices (and Apple’s 4G/LTE Devices) that met each and every element of the claims of the ’005 Patent.

**Answer to Complaint ¶ 165:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 165, including any allegation that any Apple product meets each and every element of any claim of the ’005 Patent.

**Complaint ¶ 166:** For these method claims, to the extent that Apple argues that it is not the direct infringer, and that its phones do not directly infringe, Apple’s customers (the end users) practice the method claims for the reasons set forth in the infringement claim charts.

**Answer to Complaint ¶ 166:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 166, including any allegation that Apple’s customers practice any method claim of the ’005 Patent.

Apple further denies that end users directly infringe any claim of the ’005 Patent and denies that Apple is liable for any such alleged infringement under any theory.

**Complaint ¶ 167:** Apple owes GenghisComm reasonable royalty damages for Apple’s Devices extending back six years from the filing date of this Complaint until the ’005 Patent expired.[18]

**Answer to Complaint ¶ 167:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 167, including any allegation that Apple owes any damages to GenghisComm with respect to the ’005 Patent or that any damages period is as alleged.

**Complaint ¶ 168:** Apple had notice of infringement and knowledge of the ’005 Patent since December 21, 2022.

**Answer to Complaint ¶ 168:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 168, including any allegation that Apple had notice of infringement and knowledge of the ’005 Patent since December 21, 2022.

**Complaint ¶ 169:** Apple’s infringement was willful.

**Answer to Complaint ¶ 169:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 169, including any allegation of willful infringement of any claim of the ’005 Patent.

[18] *Crown Packaging Tech. v. Rexam Beverage Can*, 559 F.3d 1308, 1317 (Fed. Cir. 2009) (35 U.S.C. § 287(a) did not apply where the patentee only asserted the method claims of a patent which included both method and apparatus claims; because Rexam asserted only the method claims of the ’839 patent, the marking requirement of 35 U.S.C. § 287(a) does not apply.)

**COUNT 5: [ALLEGED] INFRINGEMENT OF U.S. PATENT 11,381,285**

**Complaint ¶ 170:** GenghisComm incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as though set forth in full herein.

**Answer to Complaint ¶ 170:** Apple incorporates by reference its responses to Paragraphs 1 through 169 as if fully set forth herein.

**Complaint ¶ 171:** On July 5, 2022, the '285 Patent entitled "Transmit pre-coding" was duly and legally issued by the USPTO.

**Answer to Complaint ¶ 171:** Apple admits that a document purporting to be a copy of U.S. Patent No. 11,381,285 is attached to the Complaint as an exhibit. Apple admits that the face of the patent states it issued on July 5, 2022, and is titled "Transmit pre-coding." Apple lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 171, and on that basis, denies them.

**Complaint ¶ 172:** The '285 Patent has a priority claim to earlier applications no later than August 2, 2004.

**Answer to Complaint ¶ 172:** Apple admits that, on its face, the '285 Patent purports to claim priority to August 2, 2004.

**Complaint ¶ 173:** For the '285 Patent, Steve Shattil provided a swear behind declaration showing a corroborated invention date of February 7, 2003.

**Answer to Complaint ¶ 173:** Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 regarding any declaration submitted during prosecution, and on that basis, denies them. Apple further denies any implication that an alleged invention date of February 7, 2003 establishes the validity or priority of any claim of the '285 Patent.

**Complaint ¶ 174:** The USPTO considered Galda reference during prosecution: GenghisComm's '285 Patent lists the Galda reference on page 7 of the patent.

**Answer to Complaint ¶ 174:** Apple states that the '285 Patent speaks for itself with respect to cited references, and Apple denies any characterization inconsistent with the patent's face. Apple admits that certain references may have been before the USPTO during prosecution. Apple denies any remaining allegations in Paragraph 174, including any implication that the listing of a reference during prosecution precludes any invalidity defense based on that reference or any other prior art.

**Complaint ¶ 175:** Apple made, used, sold, offered for sale, and imported wireless devices, Apple's 5G Devices, that use 5G networks and comply with the 5G wireless standard (e.g., 3GPP TS 38.211 version 15.2.0 Release 15; the "5G Standard") and its requirements.

**Answer to Complaint ¶ 175:** Apple admits that it has made, used, sold, offered for sale, and imported certain devices that support 5G network connectivity. Apple denies any remaining allegations in Paragraph 175, including any allegation that any such device infringes any claim of the '285 Patent or that the Accused Products' support of any 5G standard or portion thereof constitutes infringement.

**Complaint ¶ 176:** Apple infringed method claims of the '285 Patent for at least the reasons set forth in the claim chart attached as Exhibit J, which is incorporated by reference in this Complaint.

**Answer to Complaint ¶ 176:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 176, including any allegation that Apple has infringed any claim of the '285 Patent. Apple further denies that the claim chart establishes infringement.

**Complaint ¶ 177:** Apple made, used, sold, imported, and/or offered for sale Apple's 5G Devices that met each and every element of the claims of the '285 Patent.

**Answer to Complaint ¶ 177:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 177, including any allegation that any Apple 5G device meets each and every element of any claim of the '285 Patent.

**Complaint ¶ 178:** Apple's 4G/LTE Devices met each and every element of the asserted claims of the '285 Patent, except claim 9 (e.g. Apple's 4G/LTE devices meet claim 1 and 7).

**Answer to Complaint ¶ 178:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 178, including any allegation that any Apple 4G/LTE device meets each and every element of any asserted claim of the '285 Patent.

**Complaint ¶ 179:** For these method claims, to the extent that Apple argues that it is not the direct infringer, and that its phones do not directly infringe, Apple's customers (the end users) practiced the method claims for the reasons set forth in the infringement claim charts.

**Answer to Complaint ¶ 179:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 179, including any allegation that Apple's customers practice any method claim of the '285 Patent. Apple further denies that end users directly infringe any claim of the '285 Patent and denies that Apple is liable for any such alleged infringement under any theory.

**Complaint ¶ 180:** Apple owes GenghisComm reasonable royalty damages for Apple's Devices extending back six years from the filing date of this Complaint until the '285 Patent expired.[19]

**Answer to Complaint ¶ 180:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 180, including any allegation that Apple owes any damages to GenghisComm with respect to the '285 Patent or that any damages period is as alleged.

**Complaint ¶ 181:** Apple had notice of infringement and knowledge of the '285 Patent since December 21, 2022.

**Answer to Complaint ¶ 181:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 181, including any allegation that Apple had notice of infringement and knowledge of the '285 Patent since December 21, 2022.

**Complaint ¶ 182:** Apple's infringement was willful.

**Answer to Complaint ¶ 182:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 182, including any allegation of willful infringement of any claim of the '285 Patent.

---

[19] *Crown Packaging Tech. v. Rexam Beverage Can*, 559 F.3d 1308, 1317 (Fed. Cir. 2009) (35 U.S.C. § 287(a) did not apply where the patentee only asserted the method claims of a patent which included both method and apparatus claims; because Rexam asserted only the method claims of the '839 patent, the marking requirement of 35 U.S.C. § 287(a) does not apply.)

## COUNT 6: [ALLEGED] INFRINGEMENT OF U.S. PATENT 11,223,508

**Complaint ¶ 183:** GenghisComm incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as though set forth in full herein.

**Answer to Complaint ¶ 183:** Apple incorporates by reference its responses to Paragraphs 1 through 182 as if fully set forth herein.

**Complaint ¶ 184:** On September 19, 2017, the ’508 Patent entitled “Wireless communications using flexible channel bandwidth” was duly and legally issued by the USPTO.

**Answer to Complaint ¶ 184:** Apple admits that a document purporting to be a copy of U.S. Patent No. 11,223,508 is attached to the Complaint as an exhibit. Apple admits that the face of the patent states it issued on January 11, 2022, and is titled “Wireless communications using flexible channel bandwidth.” Apple lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 184, and on that basis, denies them.

**Complaint ¶ 185:** The ’508 Patent has a priority claim to earlier applications no later than August 2, 2004.

**Answer to Complaint ¶ 185:** Apple admits that, on its face, the ’508 Patent purports to claim priority to August 2, 2004.

**Complaint ¶ 186:** For the ’508 Patent, Steve Shattil provided a swear behind declaration showing a corroborated invention date of April 24, 2002.

**Answer to Complaint ¶ 186:** Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 regarding any declaration submitted during prosecution, and on that basis, denies them. Apple further denies any implication that an alleged invention date of April 24, 2002 establishes the validity or priority of any claim of the ’508 Patent.

**Complaint ¶ 187:** Apple made, used, sold, offered for sale, and imported wireless devices, Apple's 5G Devices, that use 5G networks and comply with the 5G wireless standard (e.g., 3GPP TS 38.211 version 15.2.0 Release 15; the "5G Standard") and its requirements.

**Answer to Complaint ¶ 187:** Apple admits that it has made, used, sold, offered for sale, and imported certain devices that support 5G network connectivity. Apple denies any remaining allegations in Paragraph 187, including any allegation that any such device infringes any claim of the '508 Patent or that the Accused Products' support of any 5G standard or portion thereof constitutes infringement.

**Complaint ¶ 188:** Apple infringed the method claims of the '508 Patent for at least the reasons set forth in the claim chart attached as Exhibit K, which is incorporated by reference in this Complaint.

**Answer to Complaint ¶ 188:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 188, including any allegation that Apple has infringed any claim of the '508 Patent. Apple further denies that the claim chart establishes infringement.

**Complaint ¶ 189:** Apple has made, used, sold, imported, and/or offered for sale Apple's 5G Devices that met each and every element of the claims of the '508 Patent.

**Answer to Complaint ¶ 189:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 189, including any allegation that any Apple product meets each and every element of any claim of the '508 Patent.

**Complaint ¶ 190:** For these method claims, to the extent that Apple argues that it is not the direct infringer, and that its phones do not directly infringe, Apple's customers (the end users) practiced the method claims for the reasons set forth in the infringement claim charts.

**Answer to Complaint ¶ 190:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 190, including any allegation that Apple's customers practice any method claim of the '508 Patent. Apple further denies that end users directly infringe any claim of the '508 Patent and denies that Apple is liable for any such alleged infringement under any theory.

**Complaint ¶ 191:** Apple owes GenghisComm reasonable royalty damages for Apple's 5G Devices extending back six years from the filing date of this Complaint until the '508 Patent expired.[20]

**Answer to Complaint ¶ 191:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 191, including any allegation that Apple owes any damages to GenghisComm with respect to the '508 Patent or that any damages period is as alleged.

**Complaint ¶ 192:** Apple had notice of infringement and knowledge of the '508 Patent since June 29, 2022.

**Answer to Complaint ¶ 192:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph

[20] *Crown Packaging Tech. v. Rexam Beverage Can*, 559 F.3d 1308, 1317 (Fed. Cir. 2009) (35 U.S.C. § 287(a) did not apply where the patentee only asserted the method claims of a patent which included both method and apparatus claims; because Rexam asserted only the method claims of the '839 patent, the marking requirement of 35 U.S.C. § 287(a) does not apply.)

192, including any allegation that Apple had notice of infringement and knowledge of the '508 Patent since June 29, 2022.

**Complaint ¶ 193:** Apple's infringement was willful.

**Answer to Complaint ¶ 193:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 193, including any allegation of willful infringement of any claim of the '508 Patent.

**COUNT 7: [ALLEGED] INFRINGEMENT OF U.S. PATENT 11,804,882**

**Complaint ¶ 194:** GenghisComm incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as though set forth in full herein.

**Answer to Complaint ¶ 194:** Apple incorporates by reference its responses to Paragraphs 1 through 193 as if fully set forth herein.

**Complaint ¶ 195:** On October 31, 2023, the '882 Patent entitled 'Single Carrier Frequency Division Multiple Access Baseband Signal Generation' was duly and legally issued by the USPTO.

**Answer to Complaint ¶ 195:** Apple admits that a document purporting to be a copy of U.S. Patent No. 11,804,882 is attached to the Complaint as an exhibit. Apple admits that the face of the patent states it issued on October 31, 2023, and is titled "Single Carrier Frequency Division Multiple Access Baseband Signal Generation." Apple lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 195, and on that basis, denies them.

**Complaint ¶ 196:** The '882 Patent has a priority claim to earlier applications no later than July 22, 2005.

**Answer to Complaint ¶ 196:** Apple admits that, on its face, the ’882 Patent purports to claim priority to July 22, 2005.

**Complaint ¶ 197:** Apple made, used, sold, offered for sale, and imported wireless devices, Apple’s LTE/4G Devices, that use 4G/LTE networks and comply with the 4G LTE wireless standards (e.g., 3GPP TS 36.211 version 8.7.0 Release 8; the “LTE Standard”) and its requirements for uplink physical channel communications. Apple continues to make, use, sell, offer for sale, and import these infringing wireless devices.

**Answer to Complaint ¶ 197:** Apple admits that it has made, used, sold, offered for sale, and imported certain devices that support 4G/LTE network connectivity. Apple denies any remaining allegations in Paragraph 197, including any allegation that any such device infringes any claim of the ’882 Patent, that the Accused Products’ support of any LTE standard or portion thereof constitutes infringement, or that Apple continues to engage in any infringing activity.

**Complaint ¶ 198:** Apple infringed the method claims of the ’882 Patent for at least the reasons set forth in the claim chart attached as Exhibit L, which is incorporated by reference in this Complaint.

**Answer to Complaint ¶ 198:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 198, including any allegation that Apple has infringed any claim of the ’882 Patent. Apple further denies that the claim chart establishes infringement.

**Complaint ¶ 199:** Apple has made, used, sold, imported, and/or offered for sale Apple’s LTE/4G Devices that met each and every element of the claims of the ’882 Patent.

**Answer to Complaint ¶ 199:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph

199, including any allegation that any Apple product meets each and every element of any claim of the ’882 Patent.

**Complaint ¶ 200:** For these method claims, to the extent that Apple argues that it is not the direct infringer, and that its phones do not directly infringe, Apple’s customers (the end users) practiced the method claims for the reasons set forth in the infringement claim charts.

**Answer to Complaint ¶ 200:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 200, including any allegation that Apple’s customers practice any method claim of the ’882 Patent. Apple further denies that end users directly infringe any claim of the ’882 Patent and denies that Apple is liable for any such alleged infringement under any theory.

**Complaint ¶ 201:** Apple owes GenghisComm reasonable royalty damages for Apple’s LTE/4G Devices extending back six years from the filing date of this Complaint.[21]

**Answer to Complaint ¶ 201:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 201, including any allegation that Apple owes any damages to GenghisComm with respect to the ’882 Patent or that any damages period is as alleged.

**Complaint ¶ 202:** After service of this complaint, Apple’s ongoing infringement will be willful.

**Answer to Complaint ¶ 202:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph

---

[21] *Crown Packaging Tech. v. Rexam Beverage Can*, 559 F.3d 1308, 1317 (Fed. Cir. 2009) (35 U.S.C. § 287(a) did not apply where the patentee only asserted the method claims of a patent which included both method and apparatus claims; because Rexam asserted only the method claims of the ’839 patent, the marking requirement of 35 U.S.C. § 287(a) does not apply.)

202, including any allegation that Apple is infringing or will willfully infringe any claim of the ’882 Patent after service of the Complaint.

## APPLE’S [ALLEGED] WILLFUL INFRINGEMENT

**Complaint ¶ 203:** Apple has infringed the identified claims of each of the Patents-in-Suit despite its knowledge of the patents and its knowledge that Apple’s LTE/4G Devices and Apple’s 5G Devices were using the technology claimed by them since receiving notice from GenghisComm, and the objectively high likelihood that its acts constitute patent infringement.

**Answer to Complaint ¶ 203:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 203, including any allegation that Apple has infringed any claim of any Patent-in-Suit despite knowledge thereof, or that there is any objectively high likelihood that its acts constitute patent infringement.

**Complaint ¶ 204:** After the dates of the notices from GenghisComm, Apple’s infringement of the Patents-in-Suit is willful and deliberate, entitling GenghisComm to enhanced damages under 35 U.S.C. § 284.

**Answer to Complaint ¶ 204:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 204, including any allegation of willful and deliberate infringement of any claim of any Patent-in-Suit, and any allegation that GenghisComm is entitled to enhanced damages under 35 U.S.C. § 284.

**Complaint ¶ 205:** Apple’s willful infringement and unwillingness to enter into license negotiations with GenghisComm make this an exceptional case such that GenghisComm should

be entitled to recover its attorneys' fees and costs incurred in relation to this matter pursuant to 35 U.S.C. §285.

**Answer to Complaint ¶ 205:** To the extent the allegations set forth legal conclusions, no response is required; to the extent a response is required, Apple denies all allegations in Paragraph 205, including any allegation of willful infringement, any allegation that Apple has been unwilling to engage in good-faith license discussions, any allegation that this case is exceptional within the meaning of 35 U.S.C. § 285, and any allegation that GenghisComm is entitled to attorneys' fees or costs.

## JURY DEMAND

GenghisComm demands a trial by jury on all issues so triable.

**Answer to Jury Demand**: Apple admits that Plaintiff has demanded a trial by jury.

## PRAYER FOR RELIEF

**Answer to Prayer for Relief**: No response is required to Plaintiff's Prayer for Relief. To the extent any response is required, Apple denies the underlying allegations of Plaintiff's Prayer for Relief and denies that Plaintiff is entitled to any relief from this Court, whether sought in Paragraphs A-F of the Prayer for Relief or otherwise. Apple requests that the Court deny all relief to Plaintiff, enter judgment in favor of Apple, find that this is an exceptional case under 35 U.S.C. § 285, and award Apple its attorneys' fees and costs as the prevailing party in this Action.

## APPLE'S AFFIRMATIVE AND OTHER DEFENSES

Apple asserts the following affirmative and other defenses without assuming any burden of proof that rightfully should be on Plaintiff. In addition to the defenses described below, Apple specifically reserves all rights to assert additional defenses as additional information becomes

available. Furthermore, Apple repeats and incorporates by reference each of its answers in the foregoing paragraphs as if fully set forth herein.

**FIRST DEFENSE**
**(Failure to State a Claim)**

1. Plaintiff fails to allege facts sufficient to state a claim upon which relief may be granted against Apple.

**SECOND DEFENSE**
**(Non-Infringement)**

2. Apple has not infringed and does not infringe any valid and enforceable claim of the Patents-in-Suit, either directly or indirectly, either literally or under the doctrine of equivalents. If the claims at issue are interpreted so broadly as to read on any Accused Product, Apple has not infringed any such claim of the patent under the Reverse Doctrine of Equivalents. Apple has not committed any acts in violation of 35 U.S.C. § 271.

**THIRD DEFENSE**
**(Invalidity)**

3. The asserted claims of the Patents-in-Suit are invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, including but not limited to one or more of Sections 101, 102, 103, 112, 115, and/or for obviousness-type double patenting.

**FOURTH DEFENSE**
**(Prosecution History Estoppel, Prosecution Laches, Disclaimer, Ensnarement, Reverse Doctrine of Equivalents)**

4. Plaintiff's claims against Apple are barred, in whole or in part, by the doctrines of prosecution history estoppel, prosecution laches, disclaimer, ensnarement, and/or the reverse doctrine of equivalents, based on statements or arguments made during prosecution of the relevant patent applications.

**FIFTH DEFENSE**
**(Equitable Defenses)**

5. Plaintiff's claims are barred, in whole or in part, by equitable doctrines, including the doctrines of waiver, acquiescence, equitable estoppel, unclean hands, patent misuse, and/or other equitable doctrines.

**SIXTH DEFENSE**
**(Not an Exceptional Case)**

6. To the extent Plaintiff is entitled to any remedy, Plaintiff is not entitled to a finding that this case is exceptional warranting attorneys' fees under 35 U.S.C. § 285, or pursuant to the Court's inherent power.

**SEVENTH DEFENSE**
**(Notice)**

7. Plaintiff's claims for damages are statutorily limited under 35 U.S.C. §§ 286 and 287, including based on Plaintiff's failure to mark, including without limitation, to the extent Plaintiff contends there are products covered by the Patents-in-Suit, Plaintiff's failure to mark its own products with the numbers of the Patents-in-Suit and/or its failure to require and/or police the marking of Plaintiff's customers and licensees. Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288. Plaintiff's claims for relief are limited by the doctrines of full compensation, exhaustion, and/or first sale, and Plaintiff is not entitled to a double recovery.

**EIGHTH DEFENSE**
**(Territoriality)**

8. To the extent Plaintiff's claims are directed to acts occurring outside the United States, those claims for relief are barred or limited by the doctrine of territoriality by 35 U.S.C. § 271, et seq., including but not limited to § 271(a).

**NINTH DEFENSE**
**(Government Sales)**

9. To the extent that Plaintiff is accusing Apple products or services that are manufactured, provided or used by or for the government of the United States of America, there is no jurisdiction over such claims outside of the U.S. Court of Federal Claims, such that Plaintiff's claims herein against Apple with respect to such products or services are barred, in whole or in part, by 28 U.S.C. § 1498(a).

**TENTH DEFENSE**
**(License/Exhaustion)**

10. Plaintiff's claims are barred, in whole or in part, by license (implied, express, and/or otherwise), and under the doctrine of patent exhaustion.

**ELEVENTH DEFENSE**
**(Lack of Ownership/Standing)**

11. To the extent Plaintiff does not have substantially all the rights or all the rights to the Patents-in-Suit, or to the extent the purported assignments of the Patents-in-Suit, if any, are defective for any reason, Plaintiff lacks standing to bring this action.

**TWELFTH DEFENSE**
**(Limitations on Damages and Costs)**

12. Plaintiff's claims for damages or costs, if any, are statutorily limited by 35 U.S.C. §§ 284, 285, and/or 286.

**THIRTEENTH DEFENSE**
**(Contractual Obligations)**

13. To the extent that the Patents-in-Suit are subject to a contractual obligation to a third party, including an obligation to negotiate in good faith towards, and to license the Patents-

in-Suit on, fair, reasonable, and non-discriminatory terms pursuant to an applicable standard-setting organizations' intellectual property policies, Plaintiff's claims are barred, or its relief limited, based on a violation of those obligations.

## RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES

14. Apple reserves all defenses, including affirmative defenses, under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this action.

## PRAYER FOR RELIEF

Apple respectfully requests the following relief:

1. That Plaintiff's Complaint be dismissed with prejudice and that a judgment be entered in favor of Apple and against Plaintiff;

2. That all damages, costs, expenses, attorneys' fees, prejudgment and/or post-judgment interest, and other relief sought by Plaintiff be denied;

3. That this case be declared exceptional pursuant to 35 U.S.C. § 285, and reasonable attorneys' fees and costs incurred in this action be awarded to Apple; and

4. That Apple be granted all such other and further relief that the Court deems just and proper.

## APPLE'S DEMAND FOR JURY TRIAL

Apple demands a trial by jury of all issues so triable in this action.

Dated: August 21, 2026

Respectfully submitted,

*/s/ Kevin J. Post*

Kevin J. Post
(NY Bar No. 4382214)
Alexander E. Middleton
(NY Bar No. 4797114)
Lance W. Shapiro
(NY Bar No. 5397955)
John J. Healy Jr.
(*pro hac vice*)
(NY Bar No. 6172662)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
30 Rockefeller Plaza
New York, NY 10112-0015
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
kpost@sheppard.com
amiddleton@sheppard.com
lshapiro@sheppard.com
jhealy@sheppard.com

Jennifer Klein Ayers
(TX Bar No. 24069322)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
2200 Ross Ave, 20th Floor
Dallas, TX 75201
Telephone: (469) 391-7400
Facsimile: (469) 391-7401
jayers@sheppard.com

Steven J. Wingard
Texas Bar No. 00788694
swingard@scottdoug.com
Stephen L. Burbank
Texas Bar No. 24109672
sburbank@scottdoug.com
Robert ("Robby") P. Earle
Texas Bar No. 24124566
rearle@scottdoug.com
**SCOTT DOUGLASS & MCCONNICO LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

James L. Davis, Jr.
(*pro hac vice*)
(CA Bar No. 304830)
Shong Yin
(CA Bar No. 319566)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
1540 El Camino Real, Suite 120
Menlo Park, CA 94025
Telephone: (650) 815-2600
Facsimile: (650) 815-2601
jdavis@sheppard.com
syin@sheppard.com

James Young Hurt
(CA Bar No. 312390)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
12275 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 720-8900
Facsimile: (858) 509-3691
jhurt@sheppard.com

*Attorneys for Defendant Apple Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 21, 2026, a copy of the foregoing document and any attachments thereto was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send notification of filing electronically to all counsel of record.

*/s/ Steven J. Wingard*
Steven J. Wingard